In re R & R ASSOCIATES OF HAMPTON, Debtor.

Dennis Bezanson, Trustee, Plaintiff,

v.

Riginald L. Gaudette; Gaudette Family Limited Partnership I; Gaudette Family Limited Partnership II; J & L Family Limited Partnership III; Thomas J. Thomas, Jr.; Mitchell P. Utell; Marc L. Van De Water; Glenn C. Raiche; Thomas & Utell; Thomas, Utell, Van De Water & Raiche; Thomas, Utell, Van De Water & Raiche, P.A., Defendants.

Dennis Bezanson, Trustee, Plaintiff,

v.

Richard V. Choate RCC Family Limited Partnership I, RCC Family Limited Partnership II, Thomas J. Thomas, Jr.; Mitchell P. Utell; Marc Van De Water; Glenn C. Raiche; Thomas & Utell; Thomas, Utell, Van De Water & Raiche; Thomas, Utell, Van De Water & Raiche, P.A., Defendants.

Bankruptcy No. 91–10983–MWV.
Adversary Nos. 98–1174–MWV, 98–1090–MWV.

United States Bankruptcy Court, D. New Hampshire.

April 18, 2000.

William S. Gannon, Manchester, NH, for the Trustee, Dennis G. Bezanson.

Robert M. Daniszewski, for Thomas J. Thomas, Jr., Mark L. Van De Water, Mitchell P. Utell, Glenn C. Raiche, Thomas & Utell, Thomas, Utell, Van De Water & Raiche, and Thomas, Utell, Van De Water & Raiche, P.A.

**MEMORANDUM OPINION**

MARK W. VAUGHN, Chief Judge.

The Trustee initiated the two above captioned adversary proceedings by filing complaints against R & R Associates of Hampton ("Debtor"), its general partners, Reginald Gaudette and Richard Choate ("general partners"), various limited partnerships created by the general partners ("limited partnerships"), and the law firm of Thomas, Utell, Van De Water & Raiche, P.A., it's predecessors and its individual partners ("Law Firm Defendants"). All discovery has been stayed pending the outcome of all dispositive motions filed in both adversaries. This opinion constitutes the Court's findings regarding the motion to dismiss filed by the Law Firm Defendants in each action. The arguments and issues are precisely the same in both actions, therefore this opinion deals with the matters jointly. For reasons set forth below, the Court denies the motions to dismiss.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## BACKGROUND

The complaints were brought seeking to determine and recover the amount of the Debtor's deficiency from the Debtor's general partners,[1] to avoid fraudulent transfers from the Debtor to the limited partnerships, and to recover damages in the amount of the deficiency from the Law Firm Defendants for fraud on the court. This Court dismissed the complaint

---

1. Relief was sought pursuant to § 723 of the Bankruptcy Code which provides in part:

   If there is a deficiency of property of the estate to pay in full all claims which are allowed in a case under this chapter concerning a partnership and with respect to which a general partner of the partnership is personally liable, the trustee shall have a claim against such general partner to the extent that under applicable non-bankruptcy law such general partner is personally liable for such deficiency.

   11 U.S.C. § 723(a).

against Defendants Reginald Gaudette and the limited partnerships in Adversary Number 98–1174. This Court also granted summary judgment for Defendant Richard Choate in Adversary Number 98–1090, declining to decide what effect dismissal of the Choate claim would have on the limited partnership defendants.

The targets of the instant motions to dismiss are the single counts in each complaint alleging fraud on the court by the Law Firm Defendants, purportedly pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure. In each count the Trustee makes the following assertions: the Law Firm Defendants assisted the general partners in various transactions involving the creation of the limited partnerships and the transfer of assets to the limited partnerships prior to the Debtor's petition in bankruptcy; the Law Firm Defendants sought approval from the Court to serve as counsel to the Debtor after assisting its general partners in the effort to divert funds away from Debtor; and, on the application for retention, the Law Firm Defendants failed to disclose the previous relationship with the Debtor's general partners, but rather, declared that the firm and its partners were disinterested and had no connection with the Debtor, its creditors or any interested parties. The Trustee claims that the Law Firm Defendants' failure to disclose the previous activities on behalf of the Debtor and its general partners set in motion a fraudulent scheme designed to interfere with the Bankruptcy Court's ability to adjudicate this bankruptcy case. The Trustee seeks damages in the amount of the Debtor's deficiency.

The Law Firm Defendants assert that Rule 60(b) does not provide the Trustee an independent cause of action for damages based upon fraud on the court, and therefore the complaint fails to state a claim upon which relief can be granted.

## DISCUSSION

▬ Rule 7012 of the Federal Rules of Bankruptcy Procedure makes applicable Rule 12(b)(6) of the Federal Rules of Civil Procedure. On a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true the well-pleaded allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine if the complaint contains facts sufficient to justify recovery on any cognizable theory. *LaChapelle v. Berkshire Life Insurance Company*, 142 F.3d 507, 508 (1st Cir.1998). Thus, the Court's role is not to weigh the merits of the Trustee's allegations, but rather to simply determine if sufficient facts are plead showing that the Trustee is entitled to relief.

### A. Fraud Under Rule 60(b)(3)

The Court will first discuss the application of Rule 60(b)(3) of the Federal Rules of Civil Procedure.[2] Each count against

2. Rule 60(b) provides in whole:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C. § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita qurela,

the Law Firm Defendants seeks relief for "fraud on the court" pursuant to Rule 60(b)(3) as made applicable by Rule 9024 of the Federal Rules of Bankruptcy Procedure. Rule 60(b)(3) allows a party to obtain relief from a final judgment or order where there has been "fraud ... misrepresentation, or other misconduct of an adverse party." Fed.R.Civ.P. 60(b)(3).

■ The clear language of Rule 60(b) precludes the Trustee from obtaining the relief he seeks through an independent action based on Rule 60(b)(3). Rule 60(b) delineates six distinct bases for obtaining relief from a final judgment, order, or proceeding and the procedure for obtaining such relief. The rule states that relief based upon Rule 60(b)(3) may not be sought "more than one year after the judgment, order, or proceeding was entered or taken." Fed.R.Civ.P. 60(b). A thorough reading of the complaints reveals that the only order or judgment that the Trustee alleges was procured by fraud was the order approving the application for retention of the Law Firm Defendants as counsel to the Debtor. Even if the order could be characterized as a final order, the application was approved at the outset of the bankruptcy case, in 1991, while this action was not commenced until 1998, well beyond the one year time limit of Rule 60(b)(3). Furthermore, even the Trustee's argument in his memorandums of law that the order awarding final fees to the Law Firm Defendants was also the product of this fraud does not support a Rule 60(b)(3) motion as that order was issued in March of 1997, also more than one year prior to the commencement of this action. Therefore, any relief pursuant to Rule 60(b)(3) is clearly time-barred.

## B. Fraud on the Court

■ The Court will not conclude its review with an analysis of Rule 60(b)(3), however. A complaint will not be dis-

missed if it "limns facts sufficient to justify recovery on *any* cognizable theory." *La-Chapelle*, 142 F.3d at 508 (emphasis added). Thus, even though the Trustee cannot maintain an action under Rule 60(b)(3), the Court will look to the complaints to determine whether they have stated *any* proper theory of relief.

■ Although inartistically drafted, when read as a whole, the complaints allege that the Law Firm Defendants engaged in fraud on the court by failing to disclose their prepetition activities on behalf of the general partners and by failing to disclose a potential fraudulent transfer claim that the Debtor held against the general partners and the limited partnerships. Unlike a motion brought pursuant to Rule 60(b)(3), relief for fraud on the court is not limited by a one year time limitation. In fact, Rule 60(b) specifically states that "[t]his rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding ... or to set aside a judgment for fraud upon the court." Fed.R.Civ.P. 60(b).

■ The First Circuit has adopted a definition of fraud on the court applied by many other courts: "A 'fraud on the court' occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." *Aoude v. Mobil Oil Corporation*, 892 F.2d 1115, 1118 (1st Cir.1989) (citations omitted).

■ In order not to render meaningless the one year limitation for motions pursuant to Rule 60(b)(3), fraud on the court must be distinguished from the fraud or misrepresentation that is the subject of

and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a

judgment shall be by motion as prescribed in these rules or by an independent action. Fed.R.Civ.P. 60(b).

Rule 60(b)(3). Instead, this "subcategory" of fraud refers to fraud, misrepresentation, or other misconduct committed by the court, its personnel, or its officers. *Tri–Cran, Inc. v. Fallon (In re Tri–Cran, Inc.)*, 98 B.R. 609, 614 (Bankr.D.Mass. 1989). In *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944), the Supreme Court noted that fraud on the court does not involve fraud between the parties, but rather fraud that is aimed at the judicial process itself:

> [T]ampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society ... The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud.

*Id.* at 246, 64 S.Ct. at 1001.

The Law Firm Defendants' motions to dismiss rest entirely on the argument that the Trustee cannot bring an independent action for damages for fraud on the court. The Court acknowledges that there is limited authority for awarding damages in an action brought for fraud on the court. *See Chmil, Jr. v. Rulisa Operating Company (In the Matter of Tudor Associates, Ltd. II)*, 1990 WL 546146, *7 (E.D.N.C.) (hold-

ing that it was within the bankruptcy court's equitable powers to award damages in an action for fraud on the court). However, the Court also notes that most courts have ruled that jurisdiction is limited to granting relief from the judgment or order. *See Chewning v. Ford Motor Company*, 35 F.Supp.2d 487, 489 (D.S.C.1998); *Andersen v. Roszkowski*, 681 F.Supp. 1284, 1292 (N.D.Ill.1988), *aff'd* 894 F.2d 1338 (7th Cir.1990).[3]

Because a determination of the availability of actual damages is not essential to the Trustee's survival of the motion to dismiss, the Court need not decide at this time the availability of damages in a Rule 60(b) action. Rather, Rule 60(b) specifically contemplates providing relief in the form of setting aside an order or judgment that was procured by fraud on the court. Additionally, it is within the Bankruptcy Court's equitable powers to award a party attorney's fees, order a disgorgement of fees collected, or award costs or other penalties where a party is found to have committed fraud on court. *See Universal Oil Products Co. v. Root Refining Co.*, 328 U.S. 575, 580, 66 S.Ct. 1176, 90 L.Ed. 1447 (1946)(the entire cost of proceedings may be assessed against a party where it is found to have committed fraud on the court); *Tri–Cran, Inc. v. Fallon (In re Tri–Cran, Inc.)*, 98 B.R. 609, 624 (1st Cir.1989)(ordering that sale be vacated and awarding attorney's fees, costs and expenses to the Trustee).[4] Therefore, based

---

3. The Trustee cites *Robinson v. Volkswagenwerk AG*, 56 F.3d 1268 (10th Cir.1995), *cert. denied* 516 U.S. 1045, 116 S.Ct. 705, 133 L.Ed.2d 661 (1996), to support his proposition that the court may award damages for fraud on the court. However, the Trustee misinterprets *Robinson's* holding. In that case, the plaintiffs argued that they were not seeking to set aside the judgment, but were seeking damages resulting from the defendants' fraud in the course of obtaining the judgment. *Id.* at 1272. The Court of Appeals for the Tenth Circuit held that the plaintiffs could not maintain their claim for damages without first obtaining relief from the judgment pursuant to Rule 60(b). *Id.* at 1273. The court then treated the action as one to set

aside the judgment pursuant to Rule 60(b). *Id.* at 1274. The case does not support the proposition that damages may be awarded in an independent action for fraud on the court. Rather, it found that in order to obtain damages for the alleged fraud of the opposing counsel, the plaintiff had to first succeed in an independent action to set aside the underlying judgment.

4. The Trustee states in his memorandum of law that the court in *Tri–Cran* awarded damages in an amount equal to the difference between sale price and the property's fair market value. Although the opinion notes that the estate did incur damages equal to

on the complaint, the Court may set aside the order approving the Law Firm Defendants as counsel for the Debtor, order a disgorgement of the fees awarded to the Law Firm Defendants, and award such other relief as equity requires. The Trustee's complaint will not fail solely because actual damages are not available in an action for fraud on the court.

The Court denies the Law Firm Defendants' motion to dismiss because the Trustee has plead sufficient facts to establish a claim for fraud on the court.

In this case, the Trustee principally argues that the Law Firm Defendants' failure to disclose their prepetition connections with the Debtor, the general partners, and the limited partnerships in violation of § 327 and Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure set in motion a scheme to defraud the Court.[5] The conflict of interest requirements of § 327 are more stringent than those of non-bankruptcy law. The dual requirements that an attorney representing a debtor be disinterested and represent no interest adverse to the estate "serve the important policy of ensuring that all professionals appointed pursuant to section 327(a) tender undivided loyalty and provide untainted advice and assistance in furtherance of the their fiduciary responsibilities." *Rome v. Braunstein*, 19 F.3d 54, 58 (1st Cir.1994). "Even the potential for conflict or the mere appearance of impropriety may constitute a disqualifying conflict of interest." *Matter of Sauer*, 191 B.R. 402 (Bankr. D.Neb.1995).

In this case, it is alleged that the Law Firm Defendants extensively represented the general partners in setting up limited partnerships into which assets of the Debtor were transferred prepetition. However, despite the representation that the applicant was familiar with the Bankruptcy Code, the application for retention stated that "[t]o the best of the applicant's knowledge, the Law Firm has no connections with the Debtor, the Creditors, or any other party in interest...." and that counsel did not "represent or hold any interest adverse to the Debtor in Possession of the Estate herein in the matters upon which he is to be engaged...." *See*, Ct. Docket No. 4.

The Court recognizes that fraud on the court is interpreted narrowly. *Gekas v. Pipin (In the Matter of Met–L–*

---

that amount, *Tri–Cran*, 98 B.R. at 623, the actual relief awarded by the court appears to have been limited to vacating the judgment and awarding fees and costs. *Id.* at 624.

5. The Bankruptcy Code's conflict of interest restraints are found in § 327:

Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorney's accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

Rule 2014 provides:

An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and, unless the case is a chapter 9 municipality case, a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The applications shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr.P.2014(a).

*Wood),* 861 F.2d 1012, 1018 (7th Cir.1988), *cert. denied* 490 U.S. 1006, 109 S.Ct. 1642, 104 L.Ed.2d 157 (1989). Furthermore, an independent action for fraud on the court is "reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." *United States v. Beggerly,* 524 U.S. 38, 46, 118 S.Ct. 1862, 1867, 141 L.Ed.2d 32 (1998)(quoting *Hazel–Atlas Glass Co.,* 322 U.S. at 244, 64 S.Ct. at 100). However, this matter comes before the Court on a motion to dismiss, and although the ultimate burden lies with the Trustee to prove fraud on the court by clear and convincing evidence, *see Aoude v. Mobil Oil Corp.,* 892 F.2d 1115, 1118 (1st Cir. 1989), the Court finds that the Trustee has plead sufficient facts to state a cause of action upon which relief can be granted.

Finally, the Law Firm Defendants seek to dismiss the complaints on the grounds that the Trustee has alleged the same conduct as the basis for recovery in several actions, including those that are the subject of this opinion as well as another action, *Bezanson v. Thomas,* Adversary Proceeding No. 98–1136. The *Bezanson v. Thomas* action claims negligent misrepresentation, negligence, and breach of fiduciary duty. The Court will not dismiss the Trustee's complaints based on this assertion, but will address the issue of consolidation of the various actions at the pretrial hearing.

### CONCLUSION

For the reasons discussed herein, the Court finds that the Trustee has alleged facts sufficient to establish a claim for fraud on the court. Accordingly, the motions to dismiss are denied. This opinion constitutes the Court's conclusions of law. A separate order will be entered.