**In re Bob DESMOND, Debtor.**

**Bob Desmond, Plaintiff,**

**v.**

**ASR Acquisition Corp., and Joseph Freeman, Defendants.**

**Bankruptcy No. 03–13878 MWV. Adversary No. 04–1107–MWV.**

United States Bankruptcy Court, D. New Hampshire.

Sept. 12, 2005.

William S. Gannon, Esq., William S. Gannon PLLC, for Plaintiff.

William B. Pribis, Esq., Cleveland, Waters & Bass, P.A., Concord, NH, for Defendants.

Gregory A. Moffett, McCaffrey & Moffett PLLC, Concord, NH, for party in interest Jacqueline Desmond.

### MEMORANDUM OPINION

MARK W. VAUGHN, Chief Judge.

The Court has before it a motion filed by Defendant ASR Acqusition Corp. ("ASR") seeking to dismiss the above-captioned adversary proceeding commenced by Bob Desmond (the "Plaintiff") and a motion filed by Defendant Joseph Freeman ("Freeman") seeking to dismiss the Plaintiff's claims against him. ASR and Freeman each filed a memorandum in support of their motions, and the Plaintiff objected to both motions. The Plaintiff also filed second and third motions to amend his complaint to which ASR and

Freeman objected. The Court held a hearing on those matters on December 2, 2004, and took them under advisement. Subsequently, on January 4, 2005, a hearing was held on a motion to intervene as a party plaintiff filed by the Plaintiff's sister, Jacqueline Desmond, and ASR's objection thereto. At the conclusion of the hearing, the Court also took this matter under advisement. For the reasons set out below: (1) ASR's motion to dismiss is granted in part and denied in part; (2) Freeman's motion to dismiss is granted; (3) the Plaintiff's second motion to amend the complaint is denied; (4) With respect to the Plaintiff's third motion to amend the complaint, the amendment of Count X is denied, and the Court abstains from hearing Counts XI and XII; and (5) Jacqueline Desmond's motion to intervene is moot.

### Jurisdiction

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### Background

The Plaintiff and ASR have had a long and complex business relationship with each other. ASR is a Massachusetts corporation engaged in the business of lending and investing money, and Freeman is the treasurer and owner of ASR. Between September 1989 and June 2001, ASR lent the Plaintiff and his business in excess of $6,000,000 and received various security in connection with the loans. The Plaintiff repaid part of the obligations, including payments made between October 31, 2001, and February 26, 2004, totaling approximately $1,700,000. The parties dispute the amount of the outstanding balance due.

The Plaintiff's schedules listed his membership interests in Weaver Cove, LLC ("Weaver Cove"), a Delaware limited liability company, as an asset. ASR claims that the Plaintiff transferred fifty percent of his membership interest in Weaver Cove to ASR on March 6, 2003, but the Plaintiff disputes whether the transfer was valid and effective. In exchange for the purported transfer, ASR lent the Plaintiff $150,000 ("Weaver Cove Loan"). Other than the loan of $150,000, the parties dispute whether there was any other consideration for the transfer of the membership interest.

On November 19, 2003, the Plaintiff filed a voluntary petition under Chapter 11 of the Bankruptcy Code with this Court. The Plaintiff's bankruptcy was later converted to a Chapter 7 case, and a Chapter 7 trustee was appointed on August 26, 2005. On January 29, 2004, ASR filed a proof of claim in the amount of $3,173,851.40 (Claim No. 6). ASR states that the claim represents the unpaid balance of the "Consolidated, Amended and Restated Promissory Note" dated December 31, 1996, as amended thereafter, the loans assigned from Eastern Bank to ASR ("Eastern Loans"), and a promissory note from the Plaintiff dated March 6, 2003, secured by a mortgage on the Plaintiff's farm in Strawberry Hill, New Hampshire ("Strawberry Mortgage"). Alleging that he owes nothing to ASR, the Plaintiff brought this adversary proceeding against ASR on May 18, 2004. Subsequently, the Plaintiff filed the first amended complaint against ASR (Ct.Doc. 8). The amendment was approved in open court on July 20, 2004. Freeman was added as a defendant on October 20, 2004.

On October 28, 2004, ASR filed a motion to dismiss seeking dismissal of the Plain-

tiff's complaint in its entirety arguing that they contain no substantial factual allegations supporting the claims. Freeman also filed a motion to dismiss on November 4, 2004. The Plaintiff objected to both motions to dismiss on November 24, 2004. The Plaintiff also filed the second motion to amend the complaint (Ct.Doc. 52) and the third motion to amend the complaint (Ct.Doc. 54) on November 19, 2004, and November 22, 2004, respectively. Thereafter, Plaintiff's sister, Jacqueline Desmond, administratrix of the estates of Juliette Desmond and William Desmond, filed a motion to intervene as party plaintiff in this adversary proceeding on December 9, 2004. ASR opposed this motion on December 28, 2004, and the Plaintiff supported his sister's motion on January 4, 2005.

### DISCUSSION

In ruling on a motion to dismiss under Rule 12(b)(6), which is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b), the Court "must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine if the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (1st Cir.1998); *see also Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001); *TAG/ICIB Serv., Inc. v. Pan American Grain Co.*, 215 F.3d 172, 175 (1st Cir.2000).

### I. ASR's motion to dismiss

The Court will first consider ASR's motion to dismiss and the Plaintiff's objection

thereto. The Plaintiff's complaint contains four counts, all of which ASR seeks to dismiss in its motion.[1]

### A. Count I: Determination of Amount of ASR's Claims and Nature and Extent of Liens

In Count I, the Plaintiff seeks a declaratory judgment as to the amount due ASR and the nature and extent of its liens, if any. ASR argues that the Plaintiff's claim that he owes nothing to ASR is not based upon payments made, debt forgiven, or other substantive factual allegations. Contrary to ASR's argument, the Plaintiff's complaint contains detailed facts including payment history, the alleged amount of debt forgiven, which led the Plaintiff to believe that there is no outstanding balance on the loans obtained from ASR. Thus, the Court finds that Count I has sufficient facts to support the Plaintiff's claims. In arriving at this determination, the Court need not address all the factual allegations made in the Plaintiff's complaint. "The Court's role is not to weigh the merits of the ... allegations, but rather to simply determine if sufficient facts are plead showing that the [party] is entitled to relief." *In re R & R Assocs. of Hampton*, 248 B.R. 1, 4 (Bankr. D.N.H.2000). Accordingly, ASR's request to dismiss Count I is denied.

### B. Count II: Turnover of Property Pursuant to § 542 [2]

Count II alleges that the Plaintiff is the owner or at the very least the equitable owner of the so-called Rankin Judgment and Attachment, now in ASR's pos-

---

1. The Court notes that the Plaintiff's first amended complaint has two additional counts, and ASR did not seek to dismiss these two counts.

2. Unless otherwise noted, all statutory section references herein are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101, *et seq.*

session. The Plaintiff alleges that Rankin threatened to file suit against ASR. In order to settle the threatened suit, ASR purportedly lent the Plaintiff $400,000 to buy the $1,000,000 Rankin Judgment attached to the Plaintiff's Strawberry farm. ASR seeks to dismiss this count arguing that since the Plaintiff fails to allege any written document memorializing such loan, this claim is barred by the Statute of Frauds. The Plaintiff responds that he will be able to locate the written document, or he can still prevail based on exceptions to the Statute of Frauds.

■ Rule 8(e) of the Federal Rules of Civil Procedure, which sets the general rules of pleading, does not require the Plaintiff to set out in detail the facts underlying the claim. "All that is required is a short and plain statement of a claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Fuller v. Johannessen (In re Johannessen)*, 76 F.3d 347, 350 (11th Cir.1996). Under this federal pleading standard, the Court finds that Count II sufficiently states a claim. Under § 542, an entity, other than a custodian, that is in possession, custody or control of the property of the estate during the case, must deliver such property and account for it to the trustee or debtor in possession subject to sections 363 and 522 unless the property is of inconsequential value or benefit to the estate. *See* 11 U.S.C. § 542(a). The Plaintiff alleges that ASR is not a custodian (Compl.¶ 63), and ASR is in possession, custody and control of the Rankin Judgement and the attachment lien on the Strawberry Farm. (Compl.¶ 64.) The Plaintiff also alleges that the Rankin Judgment constitutes property that a trustee may use, sell or lease under § 363 or that the debtor may exempt under the Bankruptcy Code. (Compl.¶ 65.) Since these allegations are sufficient to state a claim

upon which relief can be granted, the Plaintiff does not have to allege the existence of any written document supporting his claim. The Plaintiff may prove the merits of his claim at trial. He can submit the written document as exhibits, or he can argue that the exceptions to the Statute of Frauds apply to this case. Therefore, ASR's request to dismiss Count II is denied.

## C. *Count III: Breach of Contract With Respect to Weaver Cove Loan*

Count III asserts that ASR breached its promise and representation to the Plaintiff that it would lend him up to $250,000 and then invest its own capital in the development of Weaver Cove. The Plaintiff alleges that ASR lent him only $150,000 and has not honored its investment commitment. As a result, the Plaintiff had to borrow more than $900,000 with interest at the rate of 20% or more, from the other lender. Consequently, the Plaintiff seeks a determination that he need not repay the $150,000 loan, that ASR has no rights or interest in Weaver Cove, and requests compensatory and punitive damages based on Massachusetts and New Hampshire laws. (Compl.¶ 84.)

■ ASR argues that the Court lacks jurisdiction to hear the Plaintiff's claims against ASR regarding Weaver Cove because the claims are not core proceedings under 28 U.S.C. § 157. The Court disagrees. As reviewed above, the Plaintiff listed his membership interest in Weaver Cove as an asset on Schedule B. Throughout the Plaintiff's bankruptcy proceeding, the Plaintiff has claimed that he owns all of the issued and outstanding membership interests of Weaver Cove, which ASR has disputed. ASR included the Weaver Cove Loan in its Proof of Claim. Thus, the determination of whether the Plaintiff owes ASR nothing on account of the Weav-

er Cove Loan is a core proceeding as it has relevance to allowance or disallowance of claims against the estate as well as counterclaims by the estate against persons filing claims against the estate. *See* 28 U.S.C. § 157(b)(2)(B) and (C). Also, such determination will eventually affect the liquidation of the assets of the estate. *See* 28 U.S.C. § 157(b)(2)(O). Further, although Count III is based on State law, that factor alone is not determinative. *See* 28 U.S.C. § 157(b)(3) ("A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law.")

As an alternative ground for dismissal of Count III, ASR asserts that the Plaintiff suffered no damages as a result of its alleged failure to lend him an additional $100,000 because, even if it had lent the $100,000 to the Plaintiff, the Plaintiff still would have had to borrow $800,000 to keep Weaver Cove alive. ASR's argument is not correct for two reasons. First, the Plaintiff alleges that ASR promised, not only to lend him $250,000, but also to provide the capital necessary to protect his equity in Weaver Cove. So, if the Court accepts these allegations as true, the Plaintiff suffered damages because ASR allegedly breached its representation to invest capital. Second, irrespective of compensatory damages, the Plaintiff requests a determination that the transaction is void due to ASR's material breach. Accordingly, the Court rejects ASR's alternative ground as well.

### D. *Count IV: Equitable Subordination*

■ Count IV alleges that the actions of ASR, as a fiduciary of the Plaintiff, were inequitable and resulted in injury to the Plaintiff and the general unsecured creditors of the Plaintiff. Thus, the Plaintiff argues that the claim of ASR should be disallowed, or alternatively, equitably subordinated to all other allowed claims.

ASR contends that equitable subordination is typically applied to insiders, but the Plaintiff fails to set forth any allegations establishing ASR's insider status. The Plaintiff also fails to allege any facts to show that ASR exerted complete control over the Plaintiff. Furthermore, the Plaintiff has not pled any specific facts alleging ASR's misrepresentation or any specific instance of fraud.

■ While most cases addressing equitable subordination under § 510(c) involve either technical insiders within the meaning of § 101, including persons in control or fiduciaries of the debtor, equitable subordination of unrelated third-party claims is contemplated by the courts. Lawrence P. King et. al., *Collier on Bankruptcy* ¶ 510.05[4] (15th rev. ed.2003). Where a non-insider is involved, however, the party seeking subordination must "demonstrate even more egregious conduct such as fraud, misrepresentation, overreaching or spoliation." *See Fabricators, Inc., v. Technical Fabricators, Inc. (In re Fabricators, Inc.),* 926 F.2d 1458, 1465 (5th Cir.1991) (citation omitted).

■ The Court agrees with ASR that the Plaintiff has not pled the facts necessary to establish the insider status of ASR. The Plaintiff does not allege any facts supporting his argument that ASR was a fiduciary of the Plaintiff when he incurred numerous loans from ASR. Further, the Court finds that the Plaintiff's complaint does not sufficiently allege ASR's misconduct as a non-insider creditor. When fraud is pleaded, the particularity requirement of Rule 9(b) of Federal Rules of Civil Procedure should be met. In order to satisfy the particularity requirement, "a complaint must allege the fraudulent statements, the identity of the speaker, the time and place of the statements and the nature of the misrepresentation." *American Express Travel Related Serv. Co., Inc., v. Henein (In re Henein),* 257 B.R. 702,

706 (E.D.N.Y.2001). The Plaintiff asserts that ASR engaged in fraudulent conduct, unfair and deceptive practices and predatory lending practices in connection with the Weaver Cove loan and overreached in its dealings with the Plaintiff to the detriment of other creditors of the estate. (Compl.¶ 91.) But, the complaint is patently devoid of any material facts to support a claim for fraud. Merely alleging that ASR's conduct was fraudulent without the necessary factual allegations is not enough to survive a motion to dismiss. Therefore, Count IV is dismissed.

## II. Freeman's Motion to Dismiss

In Counts V and VI of the first amended complaint, the Plaintiff alleges claims against Freeman as well as against ASR. Freeman seeks to dismiss the counts as against him on the ground that the Plaintiff fails to state a claim against him. The Plaintiff concedes that the counts do not state a claim against Freeman. Accordingly, Freeman's motion to dismiss is granted.

## III. The Plaintiff's Second and Third Motions to Amend the Complaint

■ Rule 15(a) of the Federal Rules of Civil Procedure provides that after a party has amended a pleading once as a matter of course or the time for amendments of that type has expired, a party may amend only by leave of court or by written consent of the adverse party. Subsection (a) provides that leave by the court "shall be freely given when justice so requires." However, the liberal amendment policy prescribed by Rule 15(a) does not mean that the leave will be granted in all cases. Undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the

opposing party, are the common reasons for denying leave to amend. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Leave should also be denied where the amendment would be subject to a motion to dismiss since, in such instance, the amendment serves no useful purpose. Lawrence P. King et. al., *Collier on Bankruptcy* ¶ 7015.05 (15th rev. ed.1997); *Glick v. Koenig,* 766 F.2d 265 (7th Cir.1985) (holding that a motion to amend the pleadings pursuant to Rule 15(a) would be denied if the proposed amendment could not withstand a motion to dismiss).

A. *Count VII*[3]: *Avoidance of Obligation Incurred and Related Transfer*

■ The Plaintiff's proposed Count VII seeks to avoid the "Incurred Obligation Transaction" and the "Incurred Obligation," in which the Plaintiff allegedly agreed to increase his debt to ASR from $1,562,966.41 to $3,543,899.66, on or about November 1, 2001. The Plaintiff alleges that the increase of his debt is voidable under § 544 and the New Hampshire Fraudulent Transfer Act. ASR argues that nowhere does the November 1, 2001, letter (the "Letter"), from which the Plaintiff's allegations arise, state that anything less than $3,543,899.66 is owed and that the Plaintiff nonetheless agreed to pay that higher amount.

In reviewing the Letter, the Court finds that the Plaintiff's allegation is groundless. The pertinent part of the Letter states: "[a]s you know, [ASR] received from the sale of the Taunton Expo Center a net paydown of $5,122,904.90, leaving a balance of $3,549,899.66 due to ASR as of October 31, 2001 ... [ASR] are prepared to reduce this amount to net amount of $1,562,966.41 as of October 31, 2001, pro-

---

**3.** The Plaintiff's second amended complaint labeled two counts as "Count VII." For the purpose of this opinion, the Court will treat both counts as one count, Count VII.

viding [the Plaintiff] take the necessary steps along the way to meet the objective date of January 30, 2002." (ASR's Ex. A.) What the Letter says is that, as of October 31, 2001, the Plaintiff owed $3,549,899.66 to ASR and that if the Plaintiff takes certain steps to get a discount, the debt will be reduced to $1,592,966.41. But the Letter does not say that the Plaintiff's debt is increased on October 31, 2001, as the Plaintiff argues. Having only conclusory allegations unsupported by facts, Count VII is legally insufficient on its face. Thus, the Plaintiff is not entitled to add such a claim.

### B. *Count VIII: Civil Conspiracy: Aiding and Abetting*

Count VIII alleges that ASR, Freeman, and John Doe Defendants 1–10 violated Massachusetts and New Hampshire law prohibiting civil conspiracy. ASR objects to the amendment of Count VIII on the ground that Count VIII fails to meet the particularity requirement of Rule 9(b). The Court agrees. As reviewed above, Rule 9(b) requires that the circumstances of the fraud must be stated with particularity. The Court finds that the Rule 9(b) requirement applies to Count VIII, since the conspiracy alleged is directly linked to the allegations of fraud: "[defendants] acted in concert and engaged in a common enterprise ... objective of purpose of the collection of more money from the Plaintiff than they knew to be due." (2nd Amend.Compl.¶ 40.); "[defendants] implemented their scheme or enterprise ... to submit false statements of the amounts due ...." 2nd Amend.Compl. ¶ 41.) In cases in which fraud lies at the core of the action, Rule 9(b) applies. *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1985).

Applying the particularity requirement to Count VIII, the Court finds that there are no specific facts that sup-port the Plaintiff's claims. Count VIII alleges that "[t]he false statements were submitted on multiple occasions during the period between December 31, 1996 and the present." (2nd Amend.Compl.¶ 43.) But, the complaint is without any specific description of the content of the alleged false statement. Moreover, the Plaintiff fails to identify "Jon Doe defendants 1–10" who allegedly profited and intended to profit from the false statement. Thus, Count VIII fails to give notice to the Defendants of the fraudulent claims and of the acts that form the basis for the claims, and thereby fails to accomplish one of the main goals of Rule 9(b). *See id.* Therefore, Count VIII is denied.

### C. *Count IX: Failure to Pay Promissory Notes*

Count IX alleges that "Freeman has failed to pay the promissory notes in the aggregate principal sum of $300,000, plus the accrued interest and other sums due and recoverable thereon, without lawful excuse, justification or privilege." (2nd Amend.Compl.¶ 50.) The Court finds that Count IX is deficient to state a claim. The Plaintiff does not allege that Freeman executed a promissory note in favor of the Plaintiff nor is such promissory note currently enforceable and valid. Indeed, paragraph 50 is the only occasion where the Plaintiff makes allegations with respect to Count IX. Accordingly, Count IX is denied for failure to state a claim.

### D. *Count X: Equitable Subrogation*

Count X asserts that ASR's claims should be equitably subrogated in favor of the claims of the estates of Judith Desmond, William Desmond, and Juliet Desmond (collectively, the "Estates"). The basis of the assertion is that the Plaintiff's guarantors, Taunton Expo Center Inc., William, Judith and Juliet Desmond, overpaid ASR by at least $369,922, therefore, the guarantors are the equitable owners of

Eastern Notes and the Strawberry Mortgage. The Court notes that this claim is between two non-debtor creditors and that the Plaintiff's bankruptcy proceeding does not prohibit the Estates from bringing claims against ASR in an another forum. The Estates are also free to assert their subrogation claims in a separate adversary proceeding with this Court. However, to add the subrogation claims of the Estates, which are remote from the other issues in the case, would unduly complicate the issues, result in unnecessary confusion and delay the trial, thus it would be prejudicial to ASR. *See Earlie v. Jacobs*, 745 F.2d 342 (5th Cir.1984) (denying plaintiff's motion to amend her complaint on the grounds that the proposed amendment would delay the trial and prejudice the opposing party). Therefore, Count X is denied.

E. *Count XI: Unjust Enrichment, Count XII: Violation of the Massachusetts General Laws*

■ Count XI asserts a claim against ASR pursuant to the New Hampshire unjust enrichment doctrine, and Count XII alleges ASR's violation of Chapter 93–A of the Massachusetts General Laws. ASR opposes these proposed amendments arguing that these causes of action are not core in nature.

■ In order to determine whether this Court has authority to hear these matters and issue a final decision, the Court must make a determination, in the first instance, whether these proceedings are core proceedings. 28 U.S.C. § 157(c)(1). A core proceeding is generally defined as "a proceeding that invokes a substantive right provided by the Bankruptcy Code or is a proceeding that by its nature could only arise in the context of a bankruptcy case." *Halper v. Halper*, 164 F.3d 830, 836 (3d Cir.1999) (citations omitted). In contrast, non-core proceedings include "the broader universe of all proceedings that are not core proceedings but are nevertheless related to a bankruptcy case." *Id.* Applying this test to the instant case, the Court finds that these matters are not core proceedings. These two counts exclusively rely upon State laws. The claims existed prior to the Plaintiff's bankruptcy, and they are not directly affected by the Plaintiff's bankruptcy. *See Arnold Print Works, Inc., v. Apkin (In re Arnold Print Works, Inc.)*, 815 F.2d 165, 167 (1st Cir.1987) (State law claims arising prior to bankruptcy filing are typically "non-core" proceedings that a bankruptcy court can hear only with the parties' consent); *Comco Assocs. v. Faraldi Food Indus., Ltd. (Faraldi Food Indus. Ltd.)*, 170 B.R. 765, 772 (E.D.N.Y.1994) (holding that a "non-core proceeding" is one concerned only with State law issues that did not arise in core bankruptcy function of adjusting debtor-creditor rights).

■ Although these proceedings are not core in nature, they are nonetheless related to a bankruptcy case because their resolution could conceivably affect the Plaintiff's estate in bankruptcy. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984) (a civil proceeding is related to a bankruptcy case when the outcome of that proceeding could conceivably have any effect on the estate); *see also* Lawrence P. King et. al., *Collier on Bankruptcy* ¶ 3.01[4][c] (15th rev. ed.2004) (noting that this test has been adopted by most circuit courts). For instance, finding that ASR must make restitution to the Plaintiff under the New Hampshire unjust enrichment doctrine, will alter the Plaintiff's rights and/or liabilities, and the proceeds of the litigation recovered by the Plaintiff will be distributed to the creditors. However, because these claims are non-core, and ASR refuses to consent to this Court's jurisdiction, the Court may not enter a final judgment. Instead, the Court's power is limited to submitting proposed findings of fact and conclusions of law, to which ASR may

object, to the district court. *See* 28 U.S.C. § 157(b)(1). Alternatively, the Court may exercise its discretion to abstain pursuant to § 1334(c)(1) of title 28.

■■■■■■ Discretionary abstention is provided for in § 1334(c)(1), which states:

Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1). Under § 1334(c)(1), "courts have broad discretion to abstain from hearing state law claims whenever appropriate 'in the interest of justice, or in the interest of comity with State courts or respect for State law.' " *In re Gober,* 100 F.3d 1195, 1206 (5th Cir.1996). Counts XI and XII are purely based on State laws, and these matters can be timely adjudicated in a state forum of appropriate jurisdiction. The Plaintiff does not suggest that the resolution of these claims in a state court will interfere or delay the administration of the estate. Accordingly, the Court finds that it is in the interest or comity with State law for the Court to abstain from hearing these two counts.

### IV. Jacqueline Desmond's Motion to Intervene as a Party Plaintiff

■■■■ Jacqueline Desmond, administratrix of the Estates, seeks to intervene as a party plaintiff in this adversary alleging that the Estates share subrogation rights with the Plaintiff for the alleged overpayment of $369,922. The underlying causes of action upon which Jacqueline Desmond bases her claims are disallowed by this opinion, thus, the request for intervention is moot.

### CONCLUSION

For the reasons outlined above, the Court grants ASR's motion to dismiss Count IV of the Plaintiff's complaint and denies ASR's request to dismiss Counts I, II and III. Freeman's motion to dismiss is granted, and the Plaintiff's second motion to amend the complaint is denied. With respect to the Plaintiffs third motion to amend the complaint, the amendment of Count X is denied, and the Court abstains from hearing Counts XI and XII. Jacqueline Desmond's motion to intervene is moot since the underlying causes of action are disallowed.

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.