FILED

DEC 16 2011

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No.  EC-10-1290-KiDJu |
| ) | |
| RAJ SINGH, ) | Bk. No.  10-28544-RS |
| ) | |
| Debtor. ) | Adv. No. 10-02231 |
| _____) | |
| ) | |
| RAJ SINGH, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **M E M O R A N D U M**[1] |
| ) | |
| LAWRENCE J. LOHEIT; UNITED ) | |
| STATES TRUSTEE; KAREN SINGH, ) | |
| ) | |
| Appellees. ) | |
| _____) | |

Argued and Submitted on November 16, 2011
at Sacramento, California

Filed - December 16, 2011

Appeal from the United States Bankruptcy Court
for the Eastern District of California

Honorable Ronald H. Sargis, Bankruptcy Judge, Presiding

_____

Appearances:     Appellant Raj Singh argued pro se;
                 no appellee appeared.

_____

Before: KIRSCHER, DUNN, and JURY, Bankruptcy Judges.

_____

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Appellant, chapter 13[2] debtor Raj Singh ("Singh"), sought declaratory relief that he was not two other persons - Suman Mehta and Kaus Singh. He appeals the bankruptcy court's order denying his motion for default judgment and the related judgment entered in favor of defendant. Because Singh failed to provide an adequate record to review, we DISMISS.

## I. FACTUAL AND PROCEDURAL HISTORY

Singh filed a chapter 13 bankruptcy petition on April 2, 2010. On April 12, 2010, Singh filed a "Motion for a Declaration that Raj Singh is neither Suman Mehta nor Kaus Singh." The bankruptcy court denied the motion because Singh had not filed an adversary proceeding as required by Rule 7001(9), and because Singh had failed to name a defendant against whom he sought relief.

On April 28, 2010, Singh filed an adversary complaint seeking declaratory relief on the same basis as he did in his motion. On that same date, Singh again filed a "Motion for a Declaration that Raj Singh is neither Suman Mehta nor Kaus Singh" (the "Second Motion"). The moving papers were identical to those filed previously in Singh's main bankruptcy case. After a hearing held on May 18, 2010, the bankruptcy court denied the Second Motion without prejudice on May 27, 2010. It concluded that because Singh had already filed a complaint seeking the same relief, what Singh was really asking for was a default judgment or a summary judgment. The court noted that when the time period

---

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

- 2 -

for a responsive pleading expired, Singh could move for a default and, if successful, move for default judgment, but an evidentiary prove-up hearing was necessary for entry of a judgment. Singh later requested the evidentiary hearing.

The evidentiary hearing on Singh's motion for default judgment was held on July 13, 2010. According to the Civil Minutes entered on that date, the bankruptcy court announced its findings of fact and conclusions of law on the motion orally on the record. The court denied Singh's motion for default judgment on July 13, 2010 ("Default Order") and entered a judgment against Singh ("Judgment").

Singh filed a motion to reconsider the Judgment on July 23, 2010, which the bankruptcy court denied.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 157(b)(2) and 1334. Singh appeals both the Default Order and the Judgment. An order denying a motion for default judgment is not a final appealable order. See Bird v. Reese, 875 F.2d 256, 256 (9th Cir. 1989). However, that interlocutory order merged into the final Judgment disposing of Singh's claim for declaratory relief. United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, Cal., 545 F.3d 1134, 1141 (9th Cir. 2008)(under merger rule interlocutory orders entered prior to the judgment merge into the judgment and may be challenged on appeal). Therefore, we have jurisdiction under 28 U.S.C. § 158.

## III. STANDARD OF REVIEW

We have discretion to dismiss an appeal when the appellant

- 3 -

fails to provide us with the relevant transcript. <u>Kyle v. Dye (In re Kyle)</u>, 317 B.R. 390, 393 (9th Cir. BAP 2004).

## IV. DISCUSSION

Singh had the burden of filing an adequate record to allow review of the Judgment. <u>Clinton v. Deutsche Bank Nat'l Trust Co. (In re Clinton)</u>, 449 B.R. 79, 82 (9th Cir. BAP 2011)(citing <u>Drysdale v. Educ. Credit Mgmt. Corp (In re Drysdale)</u>, 248 B.R. 386, 388 (9th Cir. BAP 2000)). On July 28, 2010, Singh filed a Notice to Proceed Without Reporter's Transcript. On October 21, 2011, we ordered Singh to file the July 13 evidentiary hearing transcript by November 4, 2011. The order warned:

> If appellant does not provide the transcript(s) necessary to enable the BAP to conduct a meaningful review of the issues on appeal, the BAP may either affirm the ruling of the bankruptcy court or dismiss the appeal.

Singh failed to file the transcript as ordered.[3]

"When findings of fact and conclusions of law are made orally on the record, a transcript of those findings is mandatory for appellate review." <u>In re Clinton</u>, 449 B.R. at 83 (citing <u>McCarthy v. Prince (In re McCarthy)</u>, 230 B.R. 414, 417 (9th Cir. BAP 1999)). <u>See also</u> Rule 8006, Rule 8009(b). "Pro se litigants are not excused from complying with these rules." <u>In re Clinton</u>, 449 B.R. at 83 (citing <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987)("Pro se litigants must follow the same rules of procedure that govern other litigants."), and <u>Warrick v. Birdsell</u>

---

[3] Singh's offer at oral argument to provide us with a copy of the transcript is too little too late. It also does not cure the other deficiencies in his excerpt of record, which included only the complaint, the request for an evidentiary hearing, and the Judgment. <u>See</u> Rule 8009(b).

- 4 -

(In re Warrick), 278 B.R. 182, 187 (9th Cir. BAP 2002)).

Failing to include the necessary transcript subjects Singh's appeal to dismissal. In re Kyle, 317 B.R. at 393. Without the transcript from July 13, 2010, it is impossible for us to determine whether the bankruptcy court abused its discretion in denying Singh's request for declaratory relief. We therefore exercise our discretion to DISMISS his appeal.

### V. CONCLUSION

Based on the foregoing reasons, we DISMISS.