FILED

DEC 14 2012

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | BAP No. CC-11-1568-KiDH |
| ASATOUR BAGHDASARIAN, | Bk. No. LA 11-37065-BR |
| Debtor. | |
| ASATOUR BAGHDASARIAN, | |
| Appellant, | |
| v. | **M E M O R A N D U M**[1] |
| SRT PARTNERS, LLC; ELISSA D. MILLER, Chapter 7 Trustee; IAIN C. KENNEDY; ELIZABETH BINGGELI; UNITED STATES TRUSTEE, | |
| Appellees. | |

Submitted Without Oral Argument[2] on November 15, 2012

Filed - December 14, 2012

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Barry Russell, Bankruptcy Judge, Presiding

Appearances:    Appellant Asatour Baghdasarian pro se on brief;
Coby Halavais, Esq. on brief for Appellee SRT
Partners, LLC; Jacky P. Wang, Esq. and Stephanie S.
Bang, Esq. of Fidelity National Law Group on brief
for Appellees Iain C. Kennedy and Elizabeth
Binggeli.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[2] In an order entered on September 17, 2012, the Panel determined that this matter was suitable for disposition without oral argument. Fed. R. Bankr. P. 8012; 9th Cir. BAP Rule 8012-1.

Before: KIRSCHER, DUNN, and HOLLOWELL, Bankruptcy Judges.

Appellant, Asatour Baghdasarian ("Baghdasarian"), appeals an order from the bankruptcy court denying his motion to restore possession of his former residence and the court's order denying reconsideration of that order. We DISMISS for Baghdasarian's failure to provide a proper brief and adequate record for review.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[3]

**A.  Relevant events from Baghdasarian's prior appeal.**

Baghdasarian's opening brief fails to set forth in a coherent manner the facts of this appeal. For background, we refer to Baghdasarian's prior appeal, CC-10-1277, and the events occurring during and after that appeal as set forth in the brief and request for judicial notice filed by appellees, Iain C. Kennedy and Elizabeth Binggeli ("Buyers").[4]

---

[3] In his excerpts of record, Baghdasarian submitted only copies of the dockets from his three bankruptcy cases, a copy of the docket from an unrelated adversary proceeding, a Trustee Deed, and an article discussing RICO actions. He requested that the Panel review all necessary documents in the bankruptcy court's electronic docket, as we did in his prior appeal. Our decision in his prior appeal to review relevant documents electronically was a gesture of charity to Baghdasarian. Failing to file an adequate record is not something of which he should make a habit. SRT Partners, LLC ("SRT") submitted an excerpt of record, but it too does not contain a complete copy of the motion to restore, the opposition, the motion to reconsider, and the related orders on those motions. We therefore exercise our discretion to review independently these imaged documents from the bankruptcy court's electronic docket. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989); Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[4] On July 19, 2012, the Panel granted the Buyers' request for judicial notice of the following documents:(1) our Memorandum Decision from prior appeal CC-10-1277; (2) a wrongful eviction complaint Baghdasarian filed in state court; (3) a fraud complaint Baghdasarian filed in state court; (4) the orders sustaining SRT's
(continued...)

-2-

Sometime before January 2010, Baghdasarian defaulted on a loan for his residence ("Residence"). His lender was Select Portfolio Servicing, Inc. ("Select Portfolio"). Apparently while Baghdasarian and Select Portfolio were in discussions about a potential loan modification for a substantial period of time, Select Portfolio ultimately held a foreclosure sale of the Residence on January 5, 2010. SRT purchased the Residence for $480,000 at the sale. According to Baghdasarian, on the morning of January 5, a real estate agent, who had just heard of the auction, knocked on Baghdasarian's door and told him that the Residence had been sold that morning and asked him if he was going to buy the property back or leave. Baghdasarian was "shocked" to hear the news.

Baghdasarian filed a chapter 13[5] bankruptcy case, case no. 2:10-10330-EC ("First Bankruptcy Case"), at 3:38 p.m. that same day.

A Trustee's Deed Upon Sale ("Trustee's Deed") transferring title to the Residence was executed on January 22, 2010, and delivered and recorded in Los Angeles County on January 29, 2010. It is not clear when SRT became aware of the First Bankruptcy Case. SRT served a 3-day Notice to Quit the Residence on

---

[4](...continued)
demurrer in both the wrongful eviction and fraud actions; (5) expungements of the lis pendens in both the wrongful eviction and fraud actions; (6) the grant deed from SRT to the Buyers; (7) an adversary proceeding cover sheet; (8) the cover page from the motion to restore; and (9) a minute order from the state court dated March 29, 2012.

[5] Unless specified otherwise, all chapter, code, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

Baghdasarian on or about February 3, 2010.  When Baghdasarian refused to vacate, SRT filed an unlawful detainer action in state court on February 10, 2010 ("Unlawful Detainer Action").  SRT then filed a motion for relief from stay on March 29, 2010, but it was never heard because the First Bankruptcy Case was dismissed on April 14, 2010, for Baghdasarian's failure to comply with § 109(h)(1).

Following the dismissal of the First Bankruptcy Case, SRT prosecuted the Unlawful Detainer Action to trial on May 13, 2010, but Baghdasarian failed to appear.  A judgment in favor of SRT on the Unlawful Detainer Action ("Judgment") was entered on May 13, 2010.  Instead of attending trial, Baghdasarian was filing a new chapter 7 bankruptcy case ("Second Bankruptcy Case") on May 13, 2010, at or around 9:17 a.m.  SRT was made aware of the Second Bankruptcy Case the following day.

On May 20, 2010, SRT filed a motion in the alternative, for relief from stay under § 362(d)(1) and (2), or to annul the stay to validate the Judgment ("Stay Relief Motion").  A hearing on the Stay Relief Motion was scheduled for June 2, 2010.  Baghdasarian did not file an opposition, but he did appear at the hearing.  The bankruptcy court issued a tentative ruling to grant SRT's Stay Relief Motion on that same day.

On June 3, 2010, Baghdasarian filed a motion to convert the Second Bankruptcy Case to chapter 13.  On June 10, 2010, he filed a motion to reconsider the bankruptcy court's oral ruling granting the Stay Relief Motion.

On July 7, 2010, the bankruptcy court issued two orders: (1) an order granting the Stay Relief Motion under § 362(d)(1) and

-4-

(2), but not annulling the stay to validate the Judgment ("Stay Relief Order"); and (2) an order denying the motion to reconsider, as Baghdasarian had not stated any grounds for reconsideration. Baghdasarian timely appealed both orders, which were the subject of prior appeal CC-10-1277. At some point thereafter, the Judgment apparently was vacated by the state court.

**B.    Events occurring while the prior appeal was pending.**

On July 15, 2010, the bankruptcy court granted Baghdasarian's motion to convert the Second Bankruptcy Case to chapter 13.

After obtaining relief from stay, SRT obtained a judgment for writ of possession ("Writ of Possession Judgment") on or about August 19, 2010, and Baghdasarian was evicted from the Residence on November 17, 2010.

Meanwhile, on August 26, 2010, Baghdasarian filed a motion ("Stay Violation Motion") for an award of $90,000 damages against SRT for its alleged violation of the automatic stay. SRT opposed it. The bankruptcy court entered an order denying the Stay Violation Motion on February 28, 2011, noting that Baghdasarian had failed to appear at the scheduled hearing for the motion on September 21, 2010.

On December 22, 2010, Baghdasarian filed a motion to reconvert the Second Bankruptcy Case to chapter 7, but no hearing was scheduled and he did not serve it on his creditors. On an unopposed motion filed by the chapter 13 trustee, the Second Bankruptcy Case ultimately was dismissed on January 10, 2011, for Baghdasarian's failure to make plan payments. Reconsideration of the order dismissing the Second Bankruptcy Case was denied on February 10, 2011, and that order was not appealed.

After his Second Bankruptcy Case was dismissed, on January 10, 2011, Baghdasarian filed a wrongful eviction action in state court against SRT on January 26, 2011. The state court sustained SRT's demurrer without leave to amend on April 4, 2011, and dismissed the case as Baghdasarian's claims were barred by res judicata. Baghdasarian's motion to reconsider and motion to set aside the dismissal of the wrongful eviction action were denied on May 11, 2011 and July 11, 2011, respectively.

On May 27, 2011, Baghdasarian filed a fraud action in state court against Select Portfolio and its predecessor, and SRT and its current and prior trustees. The state court sustained SRT's demurrer without leave to amend on June 24, 2011, and SRT obtained an order deeming Baghdasarian a vexatious litigant on June 29, 2011.

We ultimately dismissed Baghdasarian's appeal of the Stay Relief Order in appeal CC-10-1277 as moot because the Second Bankruptcy Case had since been dismissed, his Stay Violation Motion had been denied, and he had not appealed either order. In the alternative, we affirmed on the merits.

**C.  Events pertaining to the instant appeal.**

Baghdasarian filed a new chapter 7 bankruptcy case on June 23, 2011 ("Third Bankruptcy Case"). On July 11, 2011, he filed an Emergency Motion to Restore Debtor to Possession of Real Property against SRT ("Motion to Restore"). Baghdasarian contended that he and his family were wrongfully locked out of the Residence in November 2010 - when they were evicted pursuant to SRT's Writ of Possession Judgment. Attached to the Motion to Restore was a copy of the fraud suit Baghdasarian had filed

-6-

against SRT in state court and what appears to be a brief written for the U.S. Supreme Court in an unidentified petition for writ of certiorari. Baghdasarian did not name the Buyers, the chapter 7 trustee, or the U.S. Trustee as parties to the motion.

Based on what SRT contends were meritless wrongful eviction and fraud suits filed by Baghdasarian in state court, SRT filed and recorded notices of expungements of lis pendens. The expungements were recorded in Los Angeles County on July 5, 2011 and July 22, 2011, respectively.

On July 15, 2011, the bankruptcy court entered an order denying Baghdasarian's request to have the Motion to Restore heard on an expedited basis, but instead set the matter for hearing on September 13, 2011.

At some point, SRT sold the Residence to the Buyers. On July 27, 2011, a grant deed conveying SRT's interest in the Residence to the Buyers was recorded in Los Angeles County.

SRT opposed the Motion to Restore, contending that it failed to state any grounds for why the bankruptcy court should upset the Writ of Possession Judgment through which SRT came into possession of the Residence.

The hearing on the Motion to Restore went forward on September 13, 2011. We have no transcript from that hearing in the record. According to the order denying the Motion to Restore, entered on September 28, 2011 ("Order"), the bankruptcy court considered the motion, SRT's opposition, and the arguments of Baghdasarian and counsel for SRT. Presumably, the bankruptcy court stated the grounds for why it was denying the Motion to Restore at the hearing. None of the parties has explained why it

-7-

was denied. We do know, however, that the bankruptcy court orally denied the Motion to Restore at the September 13 hearing because Baghdasarian filed a motion for reconsideration on September 20, 2011, which is before the Order was entered on September 28. The bankruptcy court also denied Baghdasarian's reconsideration motion on October 6, 2011. He timely appealed both orders.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 157(b)(2)(A) and 1334. We have jurisdiction under 28 U.S.C. § 158.[6]

## III. STANDARD OF REVIEW

We have discretion to dismiss an appeal when the appellant fails to provide us with the relevant transcript. Kyle v. Dye (In re Kyle), 317 B.R. 390, 393 (9th Cir. BAP 2004).

## IV. DISCUSSION

We begin by noting that an enormous amount of time is wasted when appellants fail to provide proper briefs and excerpts of record that should have supplied us with the materials relevant to the appeal. See Cmty. Commerce Bank v. O'Brien (In re O'Brien), 312 F.3d 1135, 1137 (9th Cir. 2002).

Baghdasarian's opening brief is rife with deficiencies that are so significant we are compelled to strike it in its entirety. In re O'Brien, 312 F.3d at 1136 (briefs not complying with the rules of appellate procedure may be stricken). The brief lacks a table of contents and a table of cases and other authorities, a

---

[6] Because the chapter 7 trustee, the U.S. Trustee, and the Buyers were not parties to the Motion to Restore, we fail to see how they are proper parties to this appeal.

-8-

statement of the basis of appellate jurisdiction, a statement of the issues presented and the applicable standard of review, a proper statement of the case, a summary of the argument, any citations to the record (which he also did not include) or any relevant authority, and it makes virtually no pertinent legal arguments. See Rule 8010(a)(1)(A)-(F). It fails even to set forth, at least in a coherent manner, the facts relevant to this appeal. Baghdasarian's opening brief consists mostly of a series of cut-and-paste articles and pleadings he has filed in other cases. In short, it fails to comply with any of the rules of appellate briefing. See N/S Corp. v. Liberty Mut. Ins. Co., 127 F.3d 1145, 1146 (9th Cir. 1997)(striking appellant's brief, dismissing appeal, and stating: "In order to give fair consideration to those who call upon us for justice, we must insist that parties not clog the system by presenting us with a slubby mass of words rather than a true brief.").

More importantly, and what provides a more compelling reason to dismiss his appeal, is Baghdasarian's failure to include the transcript from the September 13, 2011 hearing at which the bankruptcy court announced its decision to deny the Motion to Restore. In his opening brief, Baghdasarian contends that no transcript was ordered or is necessary because the bankruptcy court "adopted the tentative and the debtor was not given an opportunity to speak." These assertions are untrue. We reviewed the bankruptcy court docket and Judge Russell's tentative ruling postings, and we could not locate any tentative ruling on the Motion to Restore. Furthermore, according to the Order, the bankruptcy court heard oral argument from both Baghdasarian and

-9-

counsel for SRT.

Baghdasarian had the burden of filing an adequate record to allow review of the Order. Clinton v. Deutsche Bank Nat'l Trust Co. (In re Clinton), 449 B.R. 79, 82 (9th Cir. BAP 2011)(citing Drysdale v. Educ. Credit Mgmt. Corp. (In re Drysdale), 248 B.R. 386, 388 (9th Cir. BAP 2000)). "When findings of fact and conclusions of law are made orally on the record, a transcript of those findings is mandatory for appellate review." In re Clinton, 449 B.R. at 83 (citing McCarthy v. Prince (In re McCarthy), 230 B.R. 414, 417 (9th Cir. BAP 1999)). See Rule 8006, 9th Cir. BAP Rule 8006-1, Rule 8009(b). "Pro se litigants are not excused from complying with these rules." In re Clinton, 449 B.R. at 83 (citing King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987)("Pro se litigants must follow the same rules of procedure that govern other litigants."); and Warrick v. Birdsell (In re Warrick), 278 B.R. 182, 187 (9th Cir. BAP 2002)). As a declared vexatious litigant in California, Baghdasarian is undoubtedly familiar with the rules of procedure and knows what is required.

Baghdasarian did not provide copies of either order on appeal, the underlying motions, SRT's opposition, the alleged tentative ruling, or the transcript from the September 13 hearing. If the bankruptcy court's docket contained detailed orders or the necessary transcript, we could supplement the record on appeal and conduct a full review. In re E.R. Fegert, Inc., 887 F.2d at 957-58. However, our search of the docket in this case reveals that neither order contains any findings of fact or conclusions of law. It also reveals no tentative ruling or transcript from the September 13 hearing at which the court entered its decision and

presumably made, pursuant to Rules 7052 and 9014, its oral findings of fact and conclusions of law. The parties, including Baghdasarian, have not even disclosed in their briefs why the bankruptcy court denied the Motion to Restore. As a result, we are unable to conduct any meaningful appellate review.

Failing to include the necessary transcript subjects Baghdasarian's appeal to dismissal. <u>In re Kyle</u>, 317 B.R. at 393. Without the relevant transcript, it is impossible for us to determine whether the bankruptcy court erred in denying the Motion to Restore. What we can discern from what we do have before us is that the issues Baghdasarian raises - the foreclosure sale of the Residence, the recording of the Trustee's Deed, the Writ of Possession Judgment and subsequent eviction, the order denying the Stay Violation Motion, and Baghdasarian's multiple unsuccessful attempts to undo all of those things - have all been decided against him by the state court and/or the bankruptcy court, and those decisions appear to be final. Thus, we see no basis for why the bankruptcy court should have granted him any relief, so it could not have erred in not doing so.

For these same reasons, we also are unable to determine whether the bankruptcy court abused its discretion in denying Baghdasarian's motion to reconsider the Order, an issue for which he provides no argument in any event. <u>Smith v. Marsh</u>, 194 F.3d 1045, 1052 (9th Cir. 1999)(issues not raised in appellant's opening brief are deemed waived). We therefore exercise our discretion to DISMISS his appeal.

## V. CONCLUSION

For the foregoing reasons, we DISMISS.

-11-