**In re Patrice Colleen CLINTON, Debtor.**

**Patrice Colleen Clinton, Appellant,**

**v.**

**Deutsche Bank National Trust Company, as trustee; Mark D. Waldron, Ch. 7 Trustee; United States Trustee, Appellees.**

**BAP No. WW–10–1285–JuMkH.
Bankruptcy No. 09–44962.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on Jan. 21, 2011.

Decided: April 13, 2011.

---

Appellant Patrice Colleen Clinton argued pro se.

Aaron Masser, Esq., Routh Crabtree Olsen, P.S., Bellevue, WA, argued for Appellee Deutsche Bank National Trust Company, as trustee.

Before: JURY, MARKELL, and HOLLOWELL, Bankruptcy Judges.

## OPINION

JURY, Bankruptcy Judge.

Appellant-debtor Patrice Colleen Clinton appeals from the bankruptcy court's orders granting relief from stay to appellee, Deutsche Bank National Trust Company ("Deutsche")[1] and denying her motion for reconsideration of the stay relief order.

1. The bank was acting in its capacity as Trustee for a trust created for the benefit of the

Debtor's record on appeal is deficient in several respects, most significantly because it does not provide us with a transcript of the stay relief hearing in the bankruptcy court. Our review of the errors debtor asserts is premised in large part in determining whether the bankruptcy court abused its discretion in granting the stay relief.[2] There are no written findings and conclusions in this case and no other memorialization of the reasons behind the court's ruling. Therefore, the oral ruling is critical to our completion of the necessary analysis. Without it, our ability to find error is severely limited. Because we cannot conduct an informed review in light of the record provided, we summarily AFFIRM.

## I. FACTS

In October 2005, Ameriquest Mortgage Company ("AMC") loaned debtor $280,000 for a home located on Glencove Road, Gig Harbor, Washington. Debtor executed a promissory note in favor of AMC which was secured by a deed of trust against the property and recorded in November 2005. Debtor has not made any payments towards the loan since August 2008.

On July 10, 2009, debtor filed a voluntary chapter 11[3] petition. A few months later, the U.S. Trustee moved to have debtor's case converted to a chapter 7 on several grounds, including that debtor had filed her petition in bad faith. The bank-

ruptcy court granted the motion by order entered November 18, 2009.

On April 7, 2010, Deutsche moved for relief from stay alleging "cause" existed for relief under § 362(d)(1) due to debtor's failure to pay. In support, the bank submitted the affidavit of Terry Ginkel, a "bankruptcy specialist," who set forth the amount of the arrears and attached copies of the promissory note and deed of trust. The last page of the promissory note was an allonge that transferred the note from the original lender, AMC, to Deutsche, as trustee.

On May 5, 2010, debtor filed a response arguing that the motion should be denied on the grounds that there was equity in the property and Deutsche was not a real party in interest with standing to file the motion because debtor's deed of trust contained no language indicating it had been assigned to Deutsche.

On June 8, 2010, debtor supplemented her response by declaration. Because the relevant hearing was the following day, it is impossible to determine from the record whether the bankruptcy court read and considered this late-filed document when it ruled on the motion. In the declaration, debtor reiterated her earlier points; i.e., that Deutsche had failed to provide evidence showing that it was a real party in interest and that there was no equity in the property. Debtor also contended that, contrary to Washington law, Deutsche did not claim an interest in the deed of trust

---

Certificateholders for Ameriquest Mortgage Securities Trust 2005–R11, Asset–Backed Pass–Through certificates, Series 2005–R11, through its servicing agent American Home Mortgage Servicing, Inc.

**2.** The bankruptcy court may also have made evidentiary rulings at the hearing which are reviewed for abuse of discretion. *Johnson v. Neilson (In re Slatkin),* 525 F.3d 805, 811 (9th Cir.2008) ("To reverse on the basis of an erroneous evidentiary ruling, we must con-

clude not only that the bankruptcy court abused its discretion, but also that the error was prejudicial."). Without a transcript, it is impossible to know if any such rulings were even made.

**3.** Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

but only an interest in the note and the allonge to the note was not part of the original note.[4]

On June 9, 2010, the bankruptcy court heard the motion for relief from stay. The minute entry on the bankruptcy court's docket shows that debtor did not appear.[5] The bankruptcy court granted the motion by order entered June 16, 2010.

Debtor moved for reconsideration, reiterating her previous arguments. Debtor argued that she questioned Deutsche's standing from the outset and, therefore, the court should have dismissed the motion or held an evidentiary hearing. The court denied her motion without a hearing by order entered July 13, 2010.

Debtor filed a timely appeal.

## II. JURISDICTION

The bankruptcy court had jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157(b)(2)(G). We have jurisdiction under 28 U.S.C. § 158.

## III. STANDARDS OF REVIEW

We have discretion to summarily affirm the bankruptcy court's rulings when an appellant fails to provide us with the relevant transcript. *Morrissey v. Stuteville (In re Morrissey)*, 349 F.3d 1187, 1190–91 (9th Cir.2003); *Kyle v. Dye (In re Kyle)*, 317 B.R. 390, 393 (9th Cir. BAP2004).

We review the bankruptcy court's denial of a motion to alter or amend the judgment for abuse of discretion. *Ta Chong Bank Ltd. v. Hitachi High Techs. Am., Inc.*, 610 F.3d 1063, 1066 (9th Cir. 2010).

Under the abuse of discretion standard, we first "determine de novo whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir.2009). If the bankruptcy court identified the correct legal rule, we then determine under the clearly erroneous standard whether its factual findings and its application of the facts to the relevant law were: "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Id.* (internal quotation marks omitted).

## IV. DISCUSSION

Debtor had the burden of filing an adequate record to allow review of the orders she appeals. *Drysdale v. Educ. Credit Mgmt. Corp (In re Drysdale)*, 248 B.R. 386, 388 (9th Cir.BAP2000). Debtor provided neither of the orders on appeal, the findings of fact and conclusions of law delivered orally at the stay relief hearing, nor the transcript of that hearing. If the bankruptcy court's docket contained detailed orders or transcripts relevant to the order on appeal, we could supplement the record on appeal and conduct a full review

---

4. Read liberally, the declaration might also be taken as an objection to the evidentiary foundation for Deutsche's declaration and attached exhibits.

5. We take judicial notice of the underlying bankruptcy record which shows that the hearing was originally scheduled for May 12, 2010. The hearing went off calendar because Deutsche had filed a declaration stating that there was no objection to its motion and an order granting relief from stay was signed and entered by mistake. The order was subsequently vacated and the hearing was renoticed to June 9, 2010. Debtor was served with notice of the continued hearing, but the minute entry shows that she did not appear. *See O'Rourke v. Seaboard Surety Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957–58 (9th Cir. 1989) (appellate court may take judicial notice of the underlying bankruptcy records).

of the order of which appellant complains. *Fegert,* 887 F.2d at 957–58. But our search of the docket in this case reveals no order containing findings of fact or conclusions of law. It also reveals no transcript of the hearing at which the court made its order, and which the judge presumably made, pursuant to Rule 7052, oral findings of fact and conclusions of law.

█ When findings of fact and conclusions of law are made orally on the record, a transcript of those findings is mandatory for appellate review. *McCarthy v. Prince (In re McCarthy),* 230 B.R. 414, 417 (9th Cir.BAP1999) (citing Rule 8006 which requires that the record on appeal include, among other items, findings of fact and conclusions of law of the court). "There is no other way for an appellate court to be able to fathom the trial court's action." *Id.*

Further, Rule 8009(b) specifies that,

[T]he appellant shall serve and file with the appellant's brief excerpts of the record as an appendix, which shall include the following:

. . .

(5) The opinion, findings of fact, or conclusions of law filed or delivered orally by the court and citations of the opinion if published;

. . .

(9) The transcript or portion thereof, if so required by a rule of the bankruptcy appellate panel.

"This is also mandatory, not optional." *McCarthy,* 230 B.R. at 417.

Finally, our Panel's rules also mandate that an appellant provide transcripts of the important proceedings occurring in the bankruptcy court:

The excerpts of the record shall include the transcripts necessary for adequate review in light of the standard of review to be applied to the issues before the Panel. The Panel is required to consider only those portions of the transcript included in the excerpts of the record.

9th Cir. BAP R. 8006–1.

█ Pro se litigants are not excused from complying with these rules. *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir.1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Warrick v. Birdsell (In re Warrick),* 278 B.R. 182, 187 (9th Cir. BAP 2002) (same). Because debtor ignored these rules, the record she provided is incomplete as a matter of law. *McCarthy,* 230 B.R. at 417. Without a transcript, it is impossible to determine why the bankruptcy court ruled as it did. Therefore, we have little choice but to exercise our discretion and summarily affirm the bankruptcy court's decision granting Deutsche's motion for relief from stay.

█ For the same reason, we are hard pressed to find that the bankruptcy court abused its discretion in denying debtor's motion for reconsideration. A motion for reconsideration is considered to be a Rule 9023 motion, which incorporates Fed. R.Civ.P. 59(e). To succeed on her motion to alter or amend the judgment, debtor must have: (1) presented newly discovered evidence, (2) showed clear error, or (3) showed an intervening change in controlling law. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir.2009). Debtor's motion did not mention any of these grounds for reconsideration much less prove them.

█ Moreover, debtor's asserted basis for reconsideration was her premise that when "standing" is questioned, the bankruptcy court has only two options: dismiss the motion for relief from stay or hold an evidentiary hearing. We disagree.

A bankruptcy court may grant relief from stay under § 362(d) "after notice and a hearing." This phrase means "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." § 102(1)(A). Here, debtor had the opportunity to contest the lifting of the stay and the court's procedure for deciding the motion at the stay relief hearing. However, after fully participating in the briefing process, debtor did not appear at the stay relief hearing. Under these circumstances, we cannot conclude that dismissal or an evidentiary hearing were the only options. *See Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.), 503 F.3d 933, 939–40 (9th Cir.2007)* (court's decision whether to hold an evidentiary hearing is reviewed for an abuse of discretion).

## V. CONCLUSION

For the reasons stated above, we AFFIRM.