**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No. CC-15-1042-DTaKu |
| ) | |
| GEARY JUAN JOHNSON, ) | Bk. No. 2:13-bk-37898-WB |
| ) | |
| Debtor. ) | |
| _____ ) | |
| GEARY JUAN JOHNSON, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[1] |
| ) | |
| HYUNDAI MOTOR FINANCE, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Submitted Without Oral Argument
on September 24, 2015

Filed - October 9, 2015

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Julia W. Brand, Bankruptcy Judge, Presiding

_____

Appearances: Geary Juan Johnson, pro se, on brief.

_____

Before: DUNN, TAYLOR AND KURTZ, Bankruptcy Judges.

_____

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

The appellant, Geary Juan Johnson ("Debtor"), has appealed the dismissal of his chapter 13[2] case, but the substance of his argument relates to the denial of his motion for sanctions ("Sanctions Motion") against creditor Hyundai Motor Finance. Since the bankruptcy court never entered an order confirming its oral ruling denying the Sanctions Motion, we treat that denial as merged with the dismissal order and consider Debtor's arguments. See American Ironworks & Erectors Inc. v. North Am. Const. Corp., 248 F.3d 892, 897-98 (9th Cir. 2001) ("A necessary corollary to the final judgment rule is that a party may appeal interlocutory orders after entry of final judgment because those orders merge into that final judgment.") (citations omitted). We AFFIRM.

## I. FACTUAL BACKGROUND[3]

This case is all about a car. On August 3, 2012, the Debtor bought a 2013 Hyundai Accent ("2013 Accent") from Win Hyundai

---

[2] Unless otherwise indicated, all chapter and section references are to the federal Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules," and the Local Rules for the Bankruptcy Court for the Central District of California are referred to as "LBRs."

[3] The record designated by the Debtor is sparse. To aid in our understanding and analysis of the issues raised in this appeal in context, we have exercised our discretion to review documents filed in the Debtor's chapter 13 main case, as reflected on the bankruptcy court's electronic case docket. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989). The facts set forth herein are derived from that review and from the Panel's prior Memorandum disposition in Johnson v. Hyundai Motor Finance (In re Johnson), 2014 WL 6953306 (9th Cir. BAP December 9, 2014) (the "Prior Memorandum Decision").

2

Carson ("Dealer"). The Dealer financed the full purchase price for the 2013 Accent, paid the Debtor's debt on a 2010 Hyundai Accent that he traded in and added the "negative equity" (the difference between the value of the vehicle traded in and the amount owed on it) to the amount financed. The Dealer also financed optional service plans costing $2,545 and $800 of GAP insurance coverage for the Debtor. Then, the Dealer assigned the Debtor's contract to Hyundai Motor Finance.

The Debtor filed his chapter 13 petition on November 21, 2013.[4] In his initial chapter 13 plan ("Initial Plan"), the Debtor proposed payments of $250 per month for 60 months, a total of $15,000. In amended plans filed thereafter, the Debtor never deviated from that schedule and amount of payments.

In the Initial Plan, the Debtor also asserted that Hyundai Motor Finance had a total claim of $21,000, of which $12,000 was secured, and proposed payments of $210.20 per month to Hyundai Motor Finance for 60 months, without interest, for a total of $12,612. In his first amended plan, the Debtor decreased the payments to Hyundai Motor Finance to $200 per month, or a total of $12,000, again without interest, presumably for payments on the secured portion of Hyundai Motor Finance's claim only.

Hyundai Motor Finance filed a timely proof of claim, asserting a claim of $22,237.66 as fully secured, since the Debtor's chapter 13 case had been filed within 910 days following the purchase of the 2013 Accent, and its secured claim could not

---

[4] The Debtor is no stranger to bankruptcy, having previously filed a chapter 7 case in 1986 and another chapter 13 case in 2004.

3

be crammed down under the provisions of § 1325. For the same reason, Hyundai Motor Finance filed an objection to confirmation of the Debtor's chapter 13 plan. It further objected on a number of other grounds, including feasibility and the failure to propose the payment of interest on its claim secured by a depreciating asset. The chapter 13 trustee ("Trustee") also objected to confirmation of the Debtor's plan.

The Debtor filed an objection to Hyundai Motor Finance's claim on January 27, 2014, arguing that the claim should "be disallowed in its entirety, or, alternatively, be reduced to $200 per month payment . . . ." At the initial confirmation hearing held on January 29, 2014, counsel for the Trustee noted that the Debtor's plan was not feasible in light of the claim filed by Hyundai Motor Finance. The bankruptcy court set over the confirmation hearing so that the Debtor's objections to the Hyundai Motor Finance claim could be resolved, among other reasons.

Thereafter, through multiple pleadings, various amendments and withdrawals by Hyundai Motor Finance of its proofs of claim, and at least two hearings before the bankruptcy court, all as described in greater detail in the Prior Memorandum Decision, the bankruptcy court allowed Hyundai Motor Finance's claim in the total amount of $22,237.66, with $17,600.39 secured and $4,637.27 unsecured ("Claim Order"). The bankruptcy court found that Hyundai Motor Finance did not file its claim in bad faith. The Debtor appealed the Claim Order to this Panel, but he also filed a motion for reconsideration ("1st Reconsideration Motion") of the Claim Order with the bankruptcy court. Following a hearing,

4

the bankruptcy court ultimately denied the 1st Reconsideration Motion as moot, considering that Hyundai Motor Finance had further amended its claim to waive its claims for the costs of the optional service plans and GAP insurance coverage entirely, leaving a secured claim of $15,843.66 and an unsecured claim of $3,049 for negative equity. An order denying the 1st Reconsideration Motion ("Reconsideration Order") was entered on August 19, 2014, based in part on the "Court's review and consideration of Hyundai Motor Finance [sic] duly filed Amended Proof of Claim 2-5 setting forth a secured claim of $15,843.66 and an unsecured claim of $3,049.00." The Debtor did not appeal the 1st Reconsideration Order. Ultimately, the Panel affirmed the Claim Order in the Prior Memorandum Decision. The Debtor did not appeal the Prior Memorandum Decision further to the Ninth Circuit.

In the meantime, confirmation proceedings continued. A second confirmation hearing was held on April 9, 2014, further adjourned to July 9, 2014. We cannot tell from the docket whether an adjourned confirmation hearing was held on that date.

On August 14, 2014, the Debtor filed his second amended plan ("Second Amended Plan"). In his Second Amended Plan, the Debtor proposed to pay Hyundai Motor Finance on a secured claim in the amount of $5,483.00 in 60 payments of $91.38 each, without interest, and recognized an unsecured claim in the amount of $3,049 for negative equity. The Debtor explained his calculation of Hyundai Motor Finance's purported secured claim amount in his supporting declaration. On August 26, 2014, Hyundai Motor Finance filed an objection to confirmation of the Second Amended

5

Plan.

On September 5, 2014, the Debtor filed a new objection to Hyundai Motor Finance's amended claim, asking that it be "disallowed in its entirety." On the same day, the Debtor filed the Sanctions Motion. In the Sanctions Motion, the Debtor sought sanctions against Hyundai Motor Finance and its counsel for, among other things, violating Rule 9003's prohibition against ex parte contacts with the bankruptcy court; violating Rule 9011 by withdrawing and filing proofs of claims without serving the Debtor; withdrawing and filing proofs of claim in bad faith and for an improper purpose; and filing its most recent amended claim untimely. The Debtor sought sanctions of $110 million against Hyundai Motor Finance and its counsel for their claimed transgressions without providing any basis for the amount of sanctions requested. Hyundai Motor Finance and its counsel filed an opposition to the Sanctions Motion as "groundless." On the same day, Hyundai Motor Finance responded in opposition to the Debtor's new objection to its claim.

The bankruptcy court held a further adjourned hearing on confirmation of the Debtor's Second Amended Plan on September 10, 2014. At the hearing, counsel for the Trustee reported that the Second Amended Plan still did not provide for payment of Hyundai Motor Finance's secured claim, as reflected in the most recently amended proof of claim, but noted that Debtor's new claim objection was set for hearing on October 15th. Hyundai Motor Finance's counsel complained that the Debtor was attempting to relitigate the issue of the amount of its secured claim, which the bankruptcy court already had resolved, and requested that the

6

case be dismissed or that the Debtor be advised that any further continuance of the confirmation hearing in this case approaching a year old would be the final continuance. The Debtor also requested a final continuance so that he could address the Trustee's concerns and resolve his most recent objection to Hyundai Motor Finance's claim. Accordingly, the bankruptcy court scheduled a final adjourned confirmation hearing for November 19, 2014.

On October 15, 2014, the bankruptcy court held a hearing ("Sanctions Hearing") on the Debtor's most recent objection to Hyundai Motor Finance's claim and the Sanctions Motion. First, the bankruptcy court noted that the subject proof of claim was not late because it amended a prior timely filed claim. It then addressed the Debtor's argument that Hyundai Motor Finance's claim was subject to cram down:

> THE COURT: I didn't order that it was subject to cram down. I ordered only that a portion of it was secured because the other items that were included in the claim were not things that would be secured by collateral and that's why it was divided into a secured and an unsecured portion and that is not the same as cram down. . . . So I did not order cram down.

Hr'g Tr., October 15, 2014, at 3. The bankruptcy court overruled the Debtor's renewed objection to Hyundai Motor Finance's amended claim on all grounds, including alleged lack of proof of service, and further denied the Sanctions Motion as addressed in its prior rulings. Following the Sanctions Hearing, the Debtor lodged an order denying the Sanctions Motion without prejudice, but the bankruptcy court did not enter his proposed order.

On November 14, 2014, the Debtor filed a Second Supplemental Declaration ("Supplemental Declaration") in support of

7

confirmation of his Second Amended Plan, focusing in part on the failures of Hyundai Motor Finance in filing and withdrawing various of its proofs of claim to provide proof of service on him at the times that they were filed with the court, citing a number of Rules and LBRs.

The final adjourned confirmation hearing on the Debtor's chapter 13 plan was held on November 19, 2014. Counsel for the Trustee reported that the Second Amended Plan did not provide for payment of Hyundai Motor Finance's secured claim and thus was not feasible. The Debtor and counsel for Hyundai Motor Finance reported on the status of settlement negotiations but confirmed that no settlement had been reached. Following a brief break, the bankruptcy court noted that this hearing was the final continuance of confirmation proceedings. Since the Debtor had not resolved the open issues with the Second Amended Plan after his final objection to Hyundai Motor Finance's claim was overruled at the Sanctions Hearing, "the case is dismissed." Hr'g Tr., November 19, 2014, at 5. The dismissal order ("Dismissal Order") was entered on November 20, 2014.

The Debtor filed a motion to reconsider dismissal of the case ("2d Reconsideration Motion") under Civil Rule 60(b) on November 24, 2014, and a hearing on the motion ("Reconsideration Hearing") was scheduled for January 28, 2015. In advance of the Reconsideration Hearing, the bankruptcy court posted a tentative ruling, stating that it was inclined to deny the 2d Reconsideration Motion for failure to establish any of the criteria for vacating its decision to dismiss under Civil Rule 60(b). Apparently, the Debtor did not appear at the

8

Reconsideration Hearing, and the bankruptcy court denied the 2d Reconsideration Motion "for the reasons set forth on the record" at the Reconsideration Hearing and as provided in the bankruptcy court's tentative ruling.

The Debtor filed his notice of appeal of the Dismissal Order on February 9, 2015, which we treat as timely. See Rule 8002(b)(1) and (2). The bankruptcy court did not enter its order denying the 2d Reconsideration Motion ("2d Reconsideration Order") until May 11, 2015. The Debtor did not amend his notice of appeal to include the 2d Reconsideration Order.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A), (L) and (O). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

1) Did the bankruptcy court err in dismissing the Debtor's chapter 13 case?

2) Did the bankruptcy court err in denying the Sanctions Motion and in failing to award the Debtor $110,000,000 in sanctions against Hyundai Motor Finance and its counsel?

3) Did the bankruptcy court err in failing to enter the order denying the Sanctions Motion lodged by the Debtor?

## IV. STANDARDS OF REVIEW

Ordinarily, we review the dismissal of a chapter 13 case for abuse of discretion. Rivera v. Curry (In re Rivera), 517 B.R. 140, 143 (9th Cir. BAP 2014). Likewise, we review a bankruptcy court's decision to impose or not to impose sanctions for abuse of discretion. DeLuca v. Cuomo (In re Cuomo), 2014 WL 5358180,

9

at \*5 (9th Cir. BAP Oct. 21, 2014).  We also review the bankruptcy court's denial of a motion for reconsideration or relief from an order for abuse of discretion.  Bateman v. United States Postal Serv., 231 F.3d 1220, 1223 (9th Cir. 2000).

A bankruptcy court abuses its discretion if it applies an incorrect legal standard or misapplies the correct standard, or if its fact findings are illogical, implausible or without support from evidence in the record.  TrafficSchool.com v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

We may affirm a decision of the bankruptcy court on any ground supported by the record.  See ASARCO, LLC v. Union Pac. R. Co., 765 F.3d 999, 1004 (9th Cir. 2014); Shanks v. Dressel, 540 F.3d 1082, 1086 (9th Cir. 2008).

## V. DISCUSSION

Before we consider the issues that the Debtor actually has argued to us, we discuss some matters that we will not consider in this appeal.

A)  The Debtor does not argue that the bankruptcy court erred in dismissing his chapter 13 case, and the Debtor did not appeal the 2d Reconsideration Order.

In his notice of appeal, the Debtor appeals the Dismissal Order, but nowhere in his appeal brief does Debtor argue that the bankruptcy court erred in dismissing his chapter 13 case.  "[W]e will not ordinarily consider matters on appeal that are not distinctly raised and argued in appellant's opening brief." Int'l Union of Bricklayers, Etc. v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir. 1985).  See, e.g., Fireman's Fund Ins. Co. v. Plant Insul. Co. (In re Plant Insul. Co.), 734 F.3d 900, 908 n.5 (9th Cir. 2013); Meehan v. Cnty. of Los Angeles, 856 F.2d

10

102, 105 n.1 (9th Cir. 1988) (An issue not briefed is deemed abandoned.); Miller v. Fairchild Indus., Inc., 797 F.2d 727, 738 (9th Cir. 1986); In re Jodoin, 209 B.R. 132, 143 (9th Cir. BAP 1997). We deem any issue that the bankruptcy court might have erred in dismissing the Debtor's chapter 13 case as waived.

As noted above, in Debtor's notice of appeal, the only order that he states he is appealing is the Dismissal Order. After the bankruptcy court denied the 2d Reconsideration Motion, the Debtor did not amend his notice of appeal to include the 2d Reconsideration Order.

Rule 8003(a) provides, in relevant part, that:

(1) In General. An appeal from a judgment, order, or decree of a bankruptcy court to a district court or BAP under 28 U.S.C. § 158(a)(1) or (a)(2) may be taken only by filing a notice of appeal with the bankruptcy clerk within the time allowed by Rule 8002.
. . .
(3) Contents. The notice of appeal **must:**
    (A) conform substantially to the appropriate Official Form;
    (B) **be accompanied by the judgment, order, or decree, or part of it, being appealed**; . . . .

(Emphasis added.) The Advisory Committee notes to the 2014 amendments to Rule 8003 state that, "The rule **now requires that the judgment, order, or decree being appealed be attached to the notice of appeal**." (Emphasis added.)

The Ninth Circuit has held "that a mistake in designating the judgment appealed from should not bar appeal as long as the intent to appeal a specific judgment can be fairly inferred and the appellee is not prejudiced or misled by the mistake." Meehan v. Cnty. of Los Angeles, 856 F.2d at 105, quoting United States v. One 1977 Mercedes Benz, 708 F.2d 444, 451 (9th Cir. 1983), cert. denied, 464 U.S. 1071 (1984).

11

In the Statement of the Case included in his brief, the Debtor references the 2d Reconsideration Motion and the facts that the bankruptcy court scheduled a hearing on the 2d Reconsideration Motion and denied it. However, the Debtor does not assert any error by the bankruptcy court in denying the 2d Reconsideration Motion in his Statement of Issues on Appeal and does not argue that any such error was committed by the bankruptcy court in his argument.

In addition, as noted above, in the 2d Reconsideration Order, the bankruptcy court denied the 2d Reconsideration Motion as provided in its tentative ruling **and** "for the reasons set forth on the record." Yet, the Debtor has not provided a transcript of the hearing on the 2d Reconsideration Motion in his excerpts of record, and a transcript of the hearing is not available on the main case docket. Accordingly, we do not have an adequate record to evaluate whether the bankruptcy court abused its discretion in denying the 2d Reconsideration Motion. See, e.g., Clinton v. Deutsche Bank Nat'l Trust Co. (In re Clinton), 449 B.R. 79, 83 (9th Cir. BAP 2011), citing McCarthy v. Prince (In re McCarthy), 230 B.R. 414, 417 (9th Cir. BAP 1999) ("When findings of fact and conclusions of law are made orally on the record, a transcript of those findings is mandatory for appellate review."); Wildhaber v. Burchard (In re Wildhaber), 2015 WL 4550128, at *5 (9th Cir. BAP July 28, 2015):

> Debtor was obliged to provide the Panel with a record of the proceedings in the bankruptcy court adequate to allow us to review the court's order. . . . Because Debtor did not provide the transcript the **record** provided is **incomplete** as a matter of law.

(Citing In re Clinton, 449 B.R. at 83, and In re McCarthy,

230 B.R. at 417)(emphasis added).)

For the above-stated reasons, we do not consider this appeal as encompassing any issues with respect to the 2d Reconsideration Order. See, e.g., Spookyworld, Inc. v. Town of Berlin (In re Spookyworld, Inc.), 346 F.3d 1, 6 (1st Cir. 2003).

B) The bankruptcy court did not abuse its discretion in denying the Sanctions Motion.

At the Sanctions Hearing, the bankruptcy court summarily denied the Sanctions Motion "because I'd previously addressed that issue," without stating findings of fact or conclusions of law orally in support of its ruling. It subsequently did not memorialize its ruling in a written memorandum decision or order. Ordinarily, in such circumstances, we would be inclined to vacate the ruling and remand to the bankruptcy court for explicit findings and conclusions.

However, we can affirm the bankruptcy court's decision for any reason supported by the record, Shanks v. Dressel, 540 F.3d at 1086, and we do so here because the Debtor's limited arguments in support of his appeal are so insubstantial as not to warrant further proceedings before the bankruptcy court.

In his appeal brief, as he did before the bankruptcy court, the Debtor cites a number of Rules as supporting his position. He cites Rule 9003 prohibiting ex parte contacts with the bankruptcy court, but he never explains how Hyundai Motor Finance allegedly violated that rule.

A skeletal "argument," really nothing more than an assertion, does not preserve a claim. United States v. Giovanetti, 919 F.2d 1223, 1230 (7th Cir. 1990).

13

<u>United States v. Dunkel</u>, 927 F.2d 955, 956 (7th Cir. 1991), quoted in <u>In re Plant Insul. Co.</u>, 734 F.3d at 908 n.5.

His major argument appears to rely on Rule 9011, which authorizes imposition of sanctions for improper presentations to the court, and Debtor cites Rule 9011 in his criticism of Hyundai Motor Finance and its counsel for failing to serve him with proofs of claim and withdrawals of proofs of claim, including Hyundai Motor Finance's final amended Claim 2-5.

Filings and withdrawals of proofs of claim generally are governed by Rules 3001, 3002, 3006 and 5005. Rule 3001(a) states what a proof of claim is: "A proof of claim is a written statement setting forth a creditor's claim." Rule 3001(b) provides that a proof of claim "shall be executed by the creditor or the creditor's authorized agent . . . ." Rule 3002(a) provides that a creditor must file a proof of claim for the claim to be "allowed," and Rule 3002(b) provides that a "proof of claim shall be filed in accordance with Rule 5005." Rule 5005(a) provides that a proof of claim "shall be filed with the clerk in the district where the case under the Code is pending." However, Rule 5005(a) goes on to state that, "The judge of that court may permit [a proof of claim] to be filed with the judge, in which event the filing date shall be noted thereon, and [the proof of claim] shall be forthwith transmitted to the clerk." Rule 3006, dealing with withdrawals of proofs of claim, provides that, "A creditor may withdraw a claim as of right by filing a notice of withdrawal, except as provided in this rule." If an objection is filed to the creditor's claim, or the creditor has rejected a debtor's chapter 13 plan "or otherwise has participated

14

significantly in the case," the creditor may not withdraw its claim "except on order of the court after a hearing on notice." Nothing in these rules, or in the LBRs for that matter, requires a creditor to serve a proof of claim or withdrawal of a proof of claim on the debtor.[5]

At the first hearing on the Debtor's objections to Hyundai Motor Finance's claims, the bankruptcy court overruled the Debtor's argument that Hyundai Motor Finance's claim should be denied in its entirety, noting the willingness of Hyundai Motor Finance to amend its proof of claim and finding that Hyundai

---

[5] Where service or notice is required, the Rules are explicit. For example, Rule 3002.1(b) and (c), which deal with notices relating to claims secured by a debtor's principal residence, require that notices of payment changes and itemizations of fees, expenses and charges be served "on the debtor, debtor's counsel, and the trustee." Rule 3004 provides that if a creditor does not file a timely proof of claim, the debtor or the trustee may file a claim in its behalf, and "[t]he clerk shall forthwith give notice of the filing to the creditor, the debtor and the trustee." Rule 9013, which deals with "Motions: Form and Service," provides that,

Every written motion, other than one which may be considered ex parte, shall be served by the moving party within the time determined under Rule 9006(d). The moving party shall serve the motion on:
        (a) the trustee or debtor in possession and on those entities specified by these rules; or
        (b) the entities the court directs if these rules do not require service or specify the entities to be served.

Finally, Rule 9014(b), relating to service in contested matters, provides that, "The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004 and within the time determined under Rule 9006(d). Any written response to the motion shall be served within the time determined under Rule 9006(d). Any paper served after the motion shall be served in the manner provided by [Civil Rule] 5(b)."

15

Motor Finance was proceeding in good faith. The bankruptcy court entered the Claim Order consistent with its ruling at the hearing that was affirmed on appeal in the Prior Memorandum Decision, including the bankruptcy court's finding that there was no evidence in the record to support a bad faith finding. Prior Memorandum Decision, 2014 WL 6953306, at *5. The Debtor pursued his objection to Hyundai Motor Finance's claim further before the bankruptcy court through the 1st Reconsideration Motion. The bankruptcy court ultimately denied the 1st Reconsideration Motion as moot because in the meantime, Hyundai Motor Finance had filed its final amended proof of claim, Claim 2-5, reducing its secured claim to $15,843.66 from $17,600.39 and its unsecured claim to $3,049 from $4,637.27.

> THE COURT: . . . [I]t looks like you won, Mr. Johnson, without having to say a word today. . . . So I am – because the Creditor has amended the claim to eliminate the GAP insurance contract and the service contract coverage in its entirety, I'm going to deny the motion for reconsideration as moot; because the Creditor has taken actions that provided a greater benefit to the Creditor – I mean to the Debtor – in terms of completely eliminating those coverages rather than just providing evidence of the – what the reduced amount should be.

Hr'g Tr., August 6, 2014, at 7, 9-10. The Debtor complained at the hearing that he had not been served with Claim 2-5 by Hyundai Motor Finance or its counsel, but he always could review the amended proof of claim in the court's claims register. In fact, he clearly obtained a copy of Claim 2-5, as he referenced it as an exhibit to his Sanctions Motion. The Debtor did not appeal

16

the 1st Reconsideration Order.[6]

Hyundai Motor Finance filed a series of proofs of claim and withdrawals ultimately resulting in a final filed proof of claim for secured and unsecured claims in amounts substantially reduced from greater amounts approved by the bankruptcy court and affirmed by this Panel. We do not see how this conduct prejudiced or damaged the Debtor, justifying an award of sanctions.

The Debtor notes that he requested sanctions of $110 million against Hyundai Motor Finance and its counsel. However, the Debtor never provided the bankruptcy court with any evidence that, if an award of sanctions was warranted, sanctions in the amount of $110 million would be reasonable or appropriate, and he does not allude to any such evidence before us.

The Debtor also references Rule 9024, through which Civil

---

[6] At the Sanctions Hearing, in response to the Debtor's argument that there was no proof of service of Hyundai Motor Finance's proof of claim on him, the bankruptcy court stated that, "I've addressed the proof of service issue already in the past." Our review of the filed transcripts of hearings on the docket, consistent with Debtor's argument in his opening brief (see Appellant's Opening Brief at 7), does not indicate that the bankruptcy court explained to the Debtor why his lack of service/proof of service arguments with respect to Hyundai Motor Finance's proofs and withdrawals of claims were not viable. Perhaps if the bankruptcy court had explained to the Debtor how the Rules concerning the filing of proofs of claim and withdrawals of claims operated, some of the complications and misunderstandings reflected in the record of Debtor's chapter 13 case could have been avoided. On the other hand, in light of the persistence with which the Debtor pursued confirmation of a series of chapter 13 plans, all of which were inconsistent with requirements of the Bankruptcy Code in their treatment of Hyundai Motor Finance's secured claim, perhaps not.

17

Rule 60, "Relief from a Judgment or Order," applies in bankruptcy cases. Since we do not consider the 2d Reconsideration Order in this appeal, we do not perceive that Rule 9024 has any relevance to the matters before us.

Finally, the Debtor argues that the bankruptcy court erred in not signing and entering the order he lodged denying the Sanctions Motion without prejudice. The Debtor does not tell us what prejudice, if any, he suffered from the bankruptcy court not entering his proposed order, and we perceive none. In fact, he benefitted from an extended period to file his notice of appeal because the time to file his notice of appeal did not begin to run until his chapter 13 case was dismissed and was further extended in light of his filing the 2d Reconsideration Motion. We have considered every issue and argument that the Debtor has pursued in this appeal, and in these circumstances, we conclude that the Debtor has suffered no prejudice or harm from the bankruptcy court's not signing his proposed form of order.

We do not reverse bankruptcy court orders for errors that are harmless, i.e., errors not adversely affecting substantial rights of a party. 28 U.S.C. § 2111; Civil Rule 61, incorporated by Rule 9005; Dittman v. California, 191 F.3d 1020, 1027 n.3 (9th Cir. 1999); Van Zandt v. Mbunda (In re Mbunda), 484 B.R. 344, 355 (9th Cir. BAP 2012), aff'd, 2015 WL 1619469 (9th Cir. April 13, 2015). Reversal of the Sanctions Order is not appropriate, as any error of the bankruptcy court with respect to its denial of the Sanctions Motion is harmless, as not harming or prejudicing the Debtor in the circumstances of this case.

18

## VI. CONCLUSION

For the foregoing reasons, We AFFIRM.