FILED

JUL 28 2020

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>MARK E. STUART,<br>　　　　　　　Debtor. | BAP No. AZ-19-1332-LBT |
| MARK E. STUART,<br>　　　　　　　Appellant,<br>v.<br>CITY OF SCOTTSDALE; ERIC<br>ANDERSON, Assistant City Attorney;<br>VAIL C. CLOAR; KATHERINE<br>ANDERSON SANCHEZ,<br>　　　　　　　Appellees. | Bk. No. 2:19-bk-5481-BKM<br><br>**MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the District of Arizona
Honorable Brenda K. Martin, Bankruptcy Judge, Presiding

Before: LAFFERTY, BRAND, and TAYLOR, Bankruptcy Judges.

## INTRODUCTION

Chapter 13[1] debtor Mark Stuart appeals the bankruptcy court's

---

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil

(continued...)

orders: (1) denying his motions for damages under § 362(k) and contempt sanctions against appellees; and (2) denying his motion for reconsideration.

After Mr. Stuart filed his chapter 13 case, appellee City of Scottsdale (the "City") filed in the Arizona Court of Appeals a notice of the bankruptcy filing and a request to stay Mr. Stuart's pending appeal of a pre-petition judgment in favor of the City. The court of appeals paused[2] the appeal pending Mr. Stuart's advising it of any bankruptcy court order terminating the stay or dismissing the bankruptcy case.

Mr. Stuart, through counsel, filed a status report indicating that his bankruptcy attorney would be moving for relief from stay "shortly," but no such motion was filed. Instead, after taking no action for months, Mr. Stuart demanded that the City do so. When the City did not respond, he filed a motion in the bankruptcy court for damages under § 362(k) and a separate motion for contempt against the City and its attorneys, arguing that the City's motion to pause the state court appeal violated the automatic stay. The bankruptcy court found that the automatic stay did not apply to the state court appeal and that the City's action in filing the motion to pause the appeal was not a willful stay violation because it was

_____

[1](...continued)
Procedure.

[2]Like the bankruptcy court, we will refer to the court of appeals' proceeding as being "paused" rather than "stayed" to avoid confusing the state court's order with the automatic bankruptcy stay.

essentially a notification to the court of appeals that Mr. Stuart had filed the bankruptcy case. The court therefore denied both motions. Mr. Stuart moved for reconsideration, which the bankruptcy court also denied.

We AFFIRM.

## FACTUAL BACKGROUND[3]

In January 2018, the City obtained a judgment against Mr. Stuart in Arizona state court. He appealed the judgment to the Arizona Court of Appeals. On May 4, 2019, while that appeal was pending, Mr. Stuart filed a chapter 13 bankruptcy case. About a week later, the City filed in the court of appeals a document entitled "Appellee's Notice of Bankruptcy Filing and Request to Stay Proceedings" ("Notice"). The Notice stated:

> City of Scottsdale ("the City"), by and through undersigned counsel, hereby moves this court for an order staying all matters in these proceedings including the oral argument currently set for June 11, 2019.
>
> Undersigned has been informed that the Appellant/Judgment Debtor, Mark Stuart, filed a Voluntary Petition for Chapter 13 Bankruptcy in the United States Bankruptcy Court, for the District of Arizona, on May 4, 2019, case number 2:19-bk-05481-BKM. Among other things, the issues in this matter include a judgment against Mark Stuart. In accordance with the "automatic stay" of 11 U.S.C. § 362, the

---

[3]The parties did not provide a complete record. We have therefore exercised our discretion to examine the bankruptcy court's docket and imaged papers. *Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

City requests that all pending matters in this case, including any scheduled hearings, be stayed pending resolution from the bankruptcy proceedings.

In response, the court of appeals issued an order to show cause ("OSC") ordering Mr. Stuart to show cause why the appeal should not be paused. Mr. Stuart, through counsel, filed a response to the OSC, arguing that the bankruptcy stay did not apply to the appeal because it was an action brought by the debtor and that the City lacked standing to enforce the stay in the court of appeals; he also requested sanctions against the City under Rule 25 of the Arizona Rules of Civil Appellate Procedure for filing a frivolous motion. On May 23, 2019, the court of appeals paused the appeal and directed Mr. Stuart "to advise this court within 10 days of any bankruptcy court order terminating the stay or dismissing the bankruptcy case" or possibly face sanctions.

About a month later, Mr. Stuart, through counsel, filed a status report with the court of appeals in which he stated that his bankruptcy counsel was preparing and would shortly file a motion for relief from stay. The court of appeals entered an "Order for Status Report" in which it noted that no motion to lift the stay had been filed in the bankruptcy court. As with the previous order, it directed Mr. Stuart to file a status report advising the court of appeal of any order terminating the stay or dismissing the bankruptcy case or possibly face sanctions.

Mr. Stuart took no further action until September 30, 2019, when he

4

sent an email to the City's counsel requesting that the City seek relief from stay in the bankruptcy court and withdraw its "stay motion" in the appeal. Mr. Stuart threatened to move for contempt if the City did not comply. The City did not respond.

On October 19, 2019, Mr. Stuart filed an "Emergency Motion to Enforce the Bankruptcy Stay Against Creditor City of Scottsdale and For Violation of the Automatic Stay and Request to Prove Compensatory and Punitive Damages under 11 U.S.C. § 362(k)" ("Enforcement Motion"). He requested the bankruptcy court enter an order: (1) finding the City in contempt for willfully violating the automatic stay; (2) compelling the City to purge its contempt by seeking relief from stay by October 24, 2019; (3) providing that the City would be fined $1,000 per day for every day after October 24 that it did not seek stay relief; (4) awarding sanctions in the form of actual damages incurred by Mr. Stuart due to the City's ongoing stay violation; and (5) awarding punitive damages. The next day, he filed an "Emergency Motion for Civil Contempt Order for Creditor City of Scottsdale, its Agent Eric Anderson and its Counsel Katherine Anderson-Sanchez and Vail Cloar for Ongoing Violations of the Automatic Stay under 11 U.S.C. § 362(a)" ("Contempt Motion"), in which he sought essentially the same relief against the City and its counsel.

The City filed responses to both motions, denying that its actions in filing the Notice violated the automatic stay. It acknowledged that the

bankruptcy stay did not affect Mr. Stuart's ability to prosecute his appeal, but it noted that, in the appeal, the City sought affirmance of a judgment against him as well as attorneys' fees and costs on appeal, which potentially implicated the stay. And because Mr. Stuart had not notified the court of appeals of the bankruptcy filing, the City had done so.

After hearing argument on both motions, the bankruptcy court found that the automatic stay did not apply to the state court appeal because that appeal was brought by Mr. Stuart, but, if the City prevailed on appeal, it could not enforce the judgment without first obtaining stay relief. Shortly thereafter, the bankruptcy court entered an order finding that the City's action in filing the Notice was not an action to control an estate asset and thus there was no stay violation. Accordingly, it granted the motions in part and denied them in part. Specifically, it found: (1) the bankruptcy stay did not prevent Mr. Stuart from proceeding with his state court appeal; (2) the bankruptcy stay would prohibit the City from attempting to collect on its state court judgment; (3) the City and its agents did not violate the bankruptcy stay by filing the Notice or by failing to file a motion for relief in the bankruptcy court; and (4) there had been no contempt, and no damages would be awarded.

Mr. Stuart filed a timely notice of appeal. Two days later, he moved for reconsideration under Civil Rule 59, applicable via Rule 9023, which the bankruptcy court denied. Mr. Stuart amended his notice of appeal to

include the order denying reconsideration.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Whether the bankruptcy court erred in denying in part the Enforcement Motion and Contempt Motion.

Whether the bankruptcy court abused its discretion in denying the motion for reconsideration.

## STANDARDS OF REVIEW

Whether the automatic stay has been violated is a question of law reviewed de novo. *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1213 (9th Cir. 2002). Whether a creditor willfully violated the stay is a question of fact that we review for clear error. *Id.*

A finding of fact is clearly erroneous if it is illogical, implausible, or without support in the record. *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985).

We review the denial of a motion for reconsideration under Civil Rule 59 for abuse of discretion. *See Clinton v. Deutsche Bank Nat'l Trust Co. (In re Clinton)*, 449 B.R. 79, 82 (9th Cir. BAP 2011) (citing *Ta Chong Bank Ltd.*

7

*v. Hitachi High Techs. Am., Inc.*, 610 F.3d 1063, 1066 (9th Cir. 2010)). Under the abuse of discretion standard, we first "determine de novo whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). If the bankruptcy court identified the correct legal rule, we then determine under the clearly erroneous standard whether its factual findings and its application of the facts to the relevant law were: "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Id.* (internal quotation marks omitted).

## DISCUSSION

The filing of a bankruptcy petition operates as a stay of, among other things, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]" 11 U.S.C. § 362(a)(3). And § 362(k) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." § 362(k)(1). A willful violation occurs if a party knew of the automatic stay, and its actions in violation of the stay were intentional. *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1215 (9th Cir. 2002) (citing *Pinkstaff v. United States (In re Pinkstaff)*, 974 F.2d 113, 115 (9th Cir. 1992)).

8

Mr. Stuart assigns error to the bankruptcy court's conclusion that neither the City nor its counsel willfully violated the automatic stay by filing the Notice with the Arizona Court of Appeals and by failing to move for relief from stay. His arguments are based upon the following assumptions: (1) the appeal was property of the estate; (2) appeals brought by debtors are not subject to the automatic stay; (3) any creditor action that has an adverse effect on an estate asset is prohibited by the automatic stay; and (4) pausing the appeal damaged the estate by delaying resolution of the appeal and increasing legal fees and costs.

## A. The bankruptcy court did not err in denying the Enforcement and Contempt Motions.

Mr. Stuart begins from the premise that the Notice was, in essence, a request for an injunction. In support, he cites *Smith v. Arizona Citizens Clean Elections Comm'n*, 132 P.3d 1187, 1190 (Ariz. 2006). But *Smith* has no bearing on the issue before us. That case involved a request for a stay pending appeal, and the Arizona Supreme Court simply noted that a party seeking such a stay must satisfy the same criteria as it would for the issuance of a preliminary injunction. Although a stay can have a similar impact as an injunction, a stay and an injunction differ in critical ways. An injunction "directs the conduct of a party, and does so with the backing of its full coercive powers." *Nken v. Holder*, 556 U.S. 418, 428 (2009) (citation omitted). In contrast, "a stay operates upon the judicial proceeding itself. It does so

9

either by halting or postponing some portion of the proceeding, or by temporarily divesting an order of enforceability." *Id. See also Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 279 (1988) ("An order by a federal court that relates only to the conduct or progress of litigation before that court ordinarily is not considered an injunction and therefore is not appealable under § 1292(a)(1).").

The City simply requested that the court of appeals pause the proceedings. Its request was not for the court of appeals to order Mr. Stuart to do or not do something. The court of appeals' order requiring Mr. Stuart to advise it when something occurred in the bankruptcy court to resolve the issue was issued sua sponte; it was not done at the City's request. Accordingly, we reject (as did the bankruptcy court) Mr. Stuart's interpretation of the Notice as a request for an injunction. As such, the cases he cites holding that a request for an injunction is a stay violation –*National Tax Credit Partners, L.P. v. Havlik*, 20 F.3d 705 (7th Cir. 1994), *In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation*, 140 B.R. 969, 977 (N.D. Ill. 1992), and *Adelphia Communications Corp. v. America Channel, LLC (In re Adelphia Communications Corp.)*, 345 B.R. 69,76 (Bankr. S.D.N.Y. 2006)–are inapposite.

Next, Mr. Stuart argues that the Notice constituted an act to exercise control over property of the estate, which is expressly prohibited under § 362(a)(3). Mr. Stuart cites *Sternberg v. Johnston*, 582 F.3d 1114 (9th Cir.

10

2009), *opinion amended and superseded on denial of rehearing*, 595 F.3d 937 (9th Cir. 2010). In that case, the Ninth Circuit Court of Appeals held that a debtor's ex-spouse's counsel had violated the automatic stay by (1) urging a state court to rule on a motion for contempt for non-payment of spousal support because he did not think it would violate the stay, and (2) continuing to urge on an appeal from the contempt order that it was not void. Noting that a party has an affirmative duty to remedy a stay violation once known, the court held that "[a]t a minimum, he had an obligation to alert the state appellate court to the conflicts between the order and the automatic stay." *Id.* at 1121.

We agree with the bankruptcy court that *Sternberg* is distinguishable. The City did not ask the court of appeals to take any action in violation of the stay. In fact, the Notice sought to **prevent** a stay violation by maintaining the status quo, based on the City's concern that it sought affirmance of a judgment against Mr. Stuart and fees and costs on appeal, which could implicate the stay. *See Gordon v. Whitmore (In re Merrick)*, 175 B.R. 333, 337-38 (9th Cir. BAP 1994) (noting that the prosecution of counterclaims against a debtor requires stay relief, but appellant/defendant had waived his right to costs, "thus eliminating any arguably affirmative aspect to the relief he obtained in state court.").The bankruptcy court correctly found that there was no legal basis for concluding that notifying a state court that a bankruptcy stay is in place constitutes an act of control,

11

even if that assertion is incorrect. And implicit in the bankruptcy court's reasoning is the understanding that while the stay did not bar the continuation of a proceeding commenced by the debtor, the City's caution was understandable in light of the fact that, as part of the appeal, the City sought to affirm an award of attorneys' fees against the debtor, and its request to pause the proceedings was consistent with its duty affirmatively to cease any activities that would violate the stay.

Mr. Stuart also argues that the City violated the stay by not obtaining an order from the bankruptcy court regarding the stay either before or after it filed the Notice. He cites *Hillis Motors v. Hawaii Automobile Dealers' Ass'n*, 997 F.2d 581, 585 (9th Cir. 1993), and *Achterberg v. Creditors Trade Ass'n, Inc. (In re Achterberg)*, 573 B.R. 819, 830 (Bankr. E.D. Cal. 2017), both of which hold that a creditor has the burden to determine the extent of the automatic stay and seek relief if appropriate before taking any action to exercise control over estate property. But he cites no authority that the City was required to seek stay relief (or confirmation that the stay was inapplicable) before filing the Notice, which simply requested that the court of appeals pause the appeal to maintain the status quo–which is exactly what the stay requires. *In re Achterberg*, 573 B.R. at 830. And he cites no authority that the City was required to seek an order regarding the stay after the court of appeals paused the proceedings. Although it could have done so, Mr. Stuart had the burden to prosecute his appeal, which arguably put the

onus on him to seek a clarifying order from the bankruptcy court. We note that this argument is particularly inapt in light of the status report filed in the court of appeals indicating that Mr. Stuart's bankruptcy counsel intended to file a motion for relief from stay.

Mr. Stuart also contends that the City lacked standing to enforce the automatic stay, citing, among other cases, *Tilley v. Vucurevich (In re Pecan Groves of Arizona)*, 951 F.2d 242, 244 (9th Cir. 1991), which holds that only the debtor and trustee have standing to challenge acts that violate the automatic stay.[4] But the Notice was not an attempt by the City to enforce the automatic stay, and, as a party to the appeal, it had standing (and possibly even an obligation) to notify the court of appeals of the bankruptcy case.

Finally, Mr. Stuart argues that the bankruptcy court permitted a "wrong without a remedy." This argument is meritless. It hinges on his assertion that "[t]he Estate incurred increased legal fees, increased legal costs and emotional injuries, solely as a result of [the City's] actions." But even if the bankruptcy court had found a willful stay violation, it is not clear what Mr. Stuart's damages would have been. He made no attempt to

---

[4]Although Mr. Stuart made this argument to the court of appeals, he did not raise it in his motions before the bankruptcy court and mentioned it only in passing at oral argument, and not sufficiently for the bankruptcy court to rule on it. But because standing is a jurisdictional issue that can be raised at any time, we do not consider it waived. *See Ctr. for Biological Diversity v. Kempthorne*, 588 F.3d 701, 707 (9th Cir. 2009).

quantify or otherwise detail his damages (keeping in mind that he was not represented by counsel during most of the relevant time period), and he did not address the fact that he failed to mitigate any damages by not following through with his stated intent to move for relief from stay. And, as noted by the bankruptcy court, he could have advised the court of appeals that the City was not seeking relief in the bankruptcy court and requested that the appeal proceed with or without the City's participation. He did none of those things.

**B.      Mr. Stuart has waived any argument that the bankruptcy court abused its discretion in denying reconsideration.**

Given our conclusion that the bankruptcy court did not err in denying in part Mr. Stuart's motions, we cannot conclude that the bankruptcy court abused its discretion in denying Mr. Stuart's motion for reconsideration. In any event, he did not address the bankruptcy court's denial of reconsideration in his briefing and has thus waived any argument that it was an abuse of discretion.

## CONCLUSION

For the reasons explained above, Mr. Stuart has not shown that the bankruptcy court's rulings were erroneous. We therefore AFFIRM.