**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

AUG 6 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: OLGA VLADIMIROVNA BORDENYUK, <br><br> Debtor, <br><br> ------------------------------ <br><br> OLGA VLADIMIROVNA BORDENYUK, <br><br> Appellant, <br><br> v. <br><br> RICHARD A. YANAGI, Chapter 7 Trustee; BENJAMIN GALE, <br><br> Appellees. | No. 20-60042 <br><br> BAP No. 20-1042 <br><br> MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Brand, Spraker, and Gan, Bankruptcy Judges, Presiding

Submitted August 4, 2021**
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit
Judges.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Olga Bordenyuk ("Bordenyuk") appeals pro se the Bankruptcy Appellate Panel's (the "BAP") decision affirming the bankruptcy court's order approving the Chapter 7 trustee Richard Yanagi's (the "Trustee") compromise with the personal representative for the probate estate of Karen Stirling. We have jurisdiction under 28 U.S.C. § 158, and we affirm.

We review a decision by the BAP de novo. *In re Arden*, 176 F.3d 1226, 1227 (9th Cir. 1999). A bankruptcy court's decisions to approve a compromise and to deny a motion to alter or amend the judgment are reviewed for abuse of discretion. *In re A & C Properties*, 784 F.2d 1377, 1380 (9th Cir. 1986); *In re Clinton*, 449 B.R. 79, 82 (B.A.P. 9th Cir. 2011).

Bordenyuk waived her arguments that the bankruptcy court erred by approving a settlement that was not "fair and equitable," the settlement order did not contain the proper findings to support the bankruptcy court's decision, and the bankruptcy court "ignored the fact that the probate order is probably void" because it violated the stay. She presented these arguments for the first time to the BAP in an unauthorized brief and the BAP did not consider these arguments. Accordingly, we decline to entertain Bordenyuk's challenges now. *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) ("The usual rule is that arguments . . . omitted from the opening brief are deemed forfeited."); *In re Burnett*, 435 F.3d 971, 975–76 (9th Cir. 2006) ("Absent exceptional circumstances, issues not raised before the BAP

are waived.").

Bordenyuk's challenges to the bankruptcy court's denial of her motion for relief from the settlement order ("Reconsideration Motion") are not properly before the court because Bordenyuk failed to amend her notice of appeal to the BAP to include the Reconsideration Motion and therefore the BAP did not consider those challenges. *See* Fed. R. Bankr. Pro. 8002(b)(3); *see also In re Slimick*, 928 F.2d 304, 306 ("The untimely filing of a notice of appeal [to the BAP] is jurisdictional."); *In re Burnett*, 435 F.3d at 975–76.

**AFFIRMED**.